## ROBERT S. CARSWELL *vs.* WALTER B. SWINDELL, TRUSTEE, ET AL.

*Insufficient Averments of Bill to Remove Cloud from Title.*

An injunction to remove a cloud from plaintiff's title to land, created by defendant's claim of title and interference with the land, will not be granted when the bill fails to show distinctly that the plaintiff not only has the legal title but is in actual possession, or that his title has been established at law, or that any irreparable injury will be occasioned by the acts of the defendant, and when it appears that the question of ownership—in this case of land formed by accretion—is not clear; but depends upon the determination of questions of law and fact, peculiarly within the province of a Court of law.

Appeal from the Circuit Court of Baltimore City (BAER, J.)

The cause was argued before McSHERRY, C. J., PAGE, BOYD, PEARCE, SCHMUCKER, JONES, and BURKE, JJ.

*Thomas G. Hayes* and *David M. Newbold, Jr.*, (with whom was *John P. Paca* on the brief), for the appellant.

*John C. Rose* and *Alexander Preston*, for the appellees.

PAGE, J., delivered the opinion of the Court.

The appellant filed a bill in the lower Court against the appellees praying for an injunction to restrain the latter from asserting any right or title to the land and accretions thereto, described in the bill; and also for the purpose of obtaining a decree removing an alleged cloud on the title of the complainant to the land and accretions. The case was submitted upon bill and exhibits. The Court refused the injunction and from the decree this appeal is taken.

The facts charged in the bill are as follows: In 1904 the the complainant purchased certain land at public sale from David Newbold, Jr., for $1,225, and after final ratification of the sale, it is alleged that "the complainant entered into possession of said land, the metes and bounds of which" are described in exhibits Nos. 1 and 2 filed with the bill. The land was "originally, in part, an island in the middle branch of the Patapsco river, a public, navigable water within the limits of Baltimore City, and in part submerged land covered by water. The fast land forming originally said island and included in the patent hereinafter mentioned was about four or five acres, and since the 19th day of October, 1861, the date when the original patent from the State of Maryland was issued, the fast land of the said island has extended nearly to the mainland, by imperceptible accretions, forming on the shores of said island and becoming part of it. That the land purchased by the complainant was patented by the State on October 19th, 1861, to one Thales A. Linthicum, who on April 19th, 1873, sold and conveyed the same to Sidney C. Long, who subsequently, in 1902 executed a mortgage thereon, to one David M. Newbold, and that said mortgage was subsequently foreclosed and sold by the trustee thereunder to the complainant. By the fifth paragraph of said bill, it is charged that the appellant "is now, and has been since he acquired his title to the said land in possession of all the land" described in his deed from said trustee as well as that described in the said

patent, and that his predecessors in title were also in possession of said land, and it is also averred that he now has a clear, legal and equitable title thereto, and that the said title was judicially passed upon by the Commissioner of the Land Office, in a caveat proceeding decided in favor of said Linthicum on Nov. 8th, 1873, and a certified copy of the proceeding in the Land Office is filed with the bill marked Plaintiff's Exhibit "No. 4." That the defendants, appellees, "under paper-writings purporting to be deeds" claim and assert title to the land and its accretions, but have no title whatever to the same, yet the said assertions of title create a cloud upon the title of the appellants. The appellants filed with their bill exhibits which show that the said defendants have deeded said land, from time to time for many years, and further allege that the appellees have "entered upon said laid land and accretions, and pulled down a portion of the fences surrounding the said land and its accretions, threatening to destroy the building on said land, and so continued on said land until the appellant compelled them to desist from their trespass and leave his said land and premises." That the appellees still deny the title and right of possession of the appellant, and threaten to again forcibly enter upon the land, and the complainant "believes and avers that said defendants will immediately attempt to carry into execution said threat if they are not immediately enjoined and restrained by this Court." It further appears from the bill and exhibits that the patent of Thalia when the same was issued, included only a little over sixteen acres of land, of which there were only four or five acres of fast land, the rest being "submerged land forming the bottom of the Patapsco river; that by subsequent "accretions to shores of the original island," extending nearly to the mainland, the area has increased until now it includes over thirty-four acres. Plats are filed with the bill showing the land as granted by the patents and the accretions up to the time the mortgage was given and also up to the period when the appellant acquired his title. It also appears, from exhibits and plats filed with the bill, that the appellees and others from

whom they derived whatever rights they may have, for many years have claimed title to the said property, showing also that they claim under a deed bearing date in 1872 from James Carroll to their ancestor, Charles Ranstead, and since that time it has passed by the descent or conveyances to the appellees, and been bought, sold, mortgaged and partitioned by them or those claiming under them.

The general principles applicable to a bill of this nature are well settled. It is a proceeding not intended to put an end to vexatious litigation, but brought because the party fears future injury to his rights; and to maintain it, the complainant must be in possession of the property, and except when the defendants are numerous, his title if a legal one, must have been established at law, or be founded on undisputed evidence of long continued possession. Possession in this class of cases is not a fact to be presumed, but must be affimatively alleged and shown. *Livingston* v. *Hall,* 73 Md. 395.

In *Textor* v. *Shipley*, 77 Md. 175, this Court said, it was a general rule in this class of cases, that the bill cannot be main · tained without clear proof of both possession and legal title in the plaintiff. If the plaintiff is in actual possession he cannot have "a remedy at law and is obliged therefore to seek the aid of a Court of equity. If, however, the possession is in another person, his remedy is by action of ejectment and there is no ground for the interposition of a Court of equity, for the reason he has an adequate remedy at law." See also *Polk* v. *Pendleton,* 31 Md. 118.

The bill in this case alleges, that the appellee "entered into possession of said land, &c." There is nothing to show what the character of the possession is, whether an actual possession, or one merely that may exist in contemplation of law without actual personal enjoyment or occupation. 28 *A. & E. Ency. of Law,* page 239. Clearly the bill is defective in not setting forth such facts as would show that the appellant was in the actual possession of the property. The decisions cited by the appellant's counsel show that to maintain a bill *quia timet*, legal title and possession also must be shown and

and not that kind of possession which the law carries by virtue of the legal title, for it may well be, that one may have legal title without actual possession.    6 *A. & E. Ency. of Law*, 159 and cases.    Nor does the bill show a legal title which has been established by law, or is founded on undisputed evidence or long continued possession.    The foundation of the appellants title is the patent of Thalia, issued in 1861, for sixteen acres, and the claim is, that by imperceptible accretions, this area has been increased to thirty-four acres.    On the side of the appellees it appears that the appellees have been claiming title to the property under a deed from James Carroll, dated 6th of January, 1862, and from that date have been asserting their title by dealings with the property during all that time, in dividing it, selling and buying it and mortgaging it, &c.    It is alleged that the appellees title was judicially passed upon in favor of Linthicum, by the Commissioner of the Land Office in a caveat proceeding in 1873.    But reference to a copy of the proceedings filed with the bill, does not support the allegation.    These proceedings show that one Reed had applied for a patent for "Reeds Island" and its issuance was caveated by Long upon the ground that the land sought to be patented was the same as that covered by the patent of Thalia, issued in 1861.    The Commissioner held that this allegation was correct—that it appeared that a large part of the land then sought to be patented was made land, that all accretions belong to the riparian proprietor and not subject to a warrant from the Land Office, &c.    The Commissioner does not decide that the accretions were the property of the patentee of Thalia, (or some one claiming under him) but that it belongs to the riparian proprietor, whether of the mainland or island, does not appear.    The effect of the decision is, that as to the accretions, they are not subject to a warrant from the Land Office.    There has been no juidicial determination of the appellee's legal title, and the whole question as to whom the legal title belongs is not clear, but rests upon the determination of questions of law and fact, peculiarly within the province of a Court of law.    The effect of a patent in pass-

ing title may be questioned in a suit at law and hence the general rule is to issue the patent where right is doubtful. *Jones* v. *Badley*, 4 Md. Chy. 170.

The present case is therefore within the rulings in that of *Clayton* v. *Shoemaker*, 67 Md. 219, where this Court said, "here then we are confronted with questions directly relating to the title to land, and although in some cases where irreparable injury might result from delay, a temporary injunction ought to be granted until the legal title can be determined in the proper forum, a Court of equity will not pass a decree operating as a final decision of the rights of parties. To do so would be tantamount to a substitution of chancery jurisdiction for that of Courts of law in deciding questions directly relating to the title to real estate." *Park Ass'n* v. *Shartzer*, 83 Md. 13. The remedy at law for the case presented by the bill is plain and adequate, and when that is so the aid of a Court of equity cannot be invoked. *Hecht* v. *Colquhoun*, 57 Md. 563.

The decree appealed from goes no further than to refuse the injunction prayed for. There are no allegations in the bill of irreparable injury nor that the damage complained of is intolerable, or that the mischief goes to the destruction of the thing, If such allegation were made, there must be also such facts stated as show that the apprehension of injury is well founded. *White* v. *Flannigan*, 1 Md. 543. In that case the Court said, the bill must "contain a clear statement of the facts upon which the plaintiff relies for relief * *. * * in order that it may be seen whether there is a just and proper ground for the application of so summary remedy," as that of injunction, *Lamm & Hughes* v. *Burrell*, 69 Md. 274; *Tifel* v. *Jenkins*, 95 Md. 667; *C. & O. C. Co.* v. *Young*, 3 Md. 480. Here the facts alleged do not show a case of irreparable injury. There is no averment of the insolvency of the appellees nor of their inability to fully respond in damages; nor is the character of the apprehended injuries such as cannot be fully compensated for by a judgment in a Court of law. Even if there were such averments if the facts charged in the

bill do not show that the appellant was committing irreparable injury, and the case presented, is one for a Court of law, a Court of equity will not interfere.    *Pfeltz* v. *Pfeltz*, 14 Md. 381.

The appellant contends that the vexatious interference by the appellees and the threats averred in the bill are "ample" grounds for the issuing of the injunction and cites to sustain this proposition the case of *Shipley* v. *W. Md. R. R. Co.*, 99 Md. 116.    That was the case of a railroad company which threatened to take the property of the plaintiff in the construction of its road which had not been condemned or paid for, and it was held that such averments are a sufficient foundation for the issue of a preliminary injunction.    But that ruling was based upon the well-established principle, that Courts will not suffer corporate bodies to take proceedings of an illegal character under the Constitution whether irreparable or not, and that the authority of the Courts to restrain in such case from an abuse of their powers is well established.    *Western Maryland R. R. Co.* v. *Owings*, 15 Md. 203; *Am. Tel. & Tel. Co.* v. *Pearce*, 71 Md. 539.

There being no sufficient ground alleged in the bill the decree appealed from will be affirmed.

*Decree affirmed.*

(Decided January 9th, 1906.)