## CLARA WHITTINGTON

*vs.*

## THE COMMISSIONERS OF CRISFIELD.

*Streets: dedication; intention of grantor; reference in deeds to streets as boundaries; acceptance by municipal authority; delay in—; user by public.*

The dedication of a street to the public use by plats or deeds does not make it a public highway; such conveyance does not become final and irrevocable unless there has been an acceptance of it on the part of the public authorities.          p. 392

Where user or prescription is relied upon to establish a public highway, it must be an uninterrupted user by the public for at least twenty years; and such a user for a less period of time will not suffice.          p. 393

Where a municipality never formally accepted a street that had been so dedicated and laid out, and never made any repairs on it or exercised control over it, and where the use the public made of it had been but slight, it was *held,* that there was no evidence sufficient to justify the inference that the street had been accepted as a public street or highway.          p. 393

Mere delay in the acceptance of a dedication will not bar the right of a municipality to control or open such a street          p. 393

But where a street that has been dedicated to the public had never been accepted by the municipality, it was *held,* that one who had for forty years occupied a dwelling in the bed of the street could not be dispossessed thereof or the building removed, without just compensation.          p. 393

An appeal will not be dismissed for failure to transmit the record in time, when it appears that the delay was attributable to the Clerk of the Court.          p. 395

*Decided June 26th, 1913.*

Appeal from the Circuit Court for Somerset County, in Equity (JONES, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*James E. Ellegood,* for the appellant.

*Miles & Myers* and *Clarence P. Lankford,* submitted a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

Upon a bill filed by the appellant the Circuit Court for Somerset County issued an injunction restraining the appellee, a municipal corporation, its servants, and agents from entering upon and trespassing upon the property mentioned in the bill, and from removing therefrom any of the buildings thereon or otherwise damaging the same. An answer was filed by the appellee. The case was heard upon the bill, answer, replication and testimony, and from the order of the Court below dissolving the injunction this appeal was taken.

It is alleged in the bill that the appellant is the owner in fee of a lot of ground in Crisfield fronting on Main street, and extending back sixty or seventy feet to the line of the New York, Philadelphia and Norfolk Railroad; that the lot is improved by a dwelling house and store erected thereon thirty-five years ago; that she and those under whom she claims have been in the continuous, exclusive, notorious, and adverse possession of the lot for more than thirty-five years as well as holding the same by patent from the State and by mesne conveyance and inheritance; that the defendant in 1908 had entered upon the premises and removed therefrom a small building, and had notified her in writing to remove the remaining building within sixty days from November

30th, 1909, otherwise it would remove the same at her expense.

The answer of the appellee denied that the plaintiff is the owner of the lot, and asserted that it was a public street or highway, and from time to time had been so used during the period mentioned in the bill, although obstructed for many years by the building erected thereon; that the land had been dedicated to public use by its owners; that the defendant had accepted said dedication, and exercised the rights of user thereof, and has claimed and still claims the same to be a public street or highway.

There are many other allegations contained in the bill and answer presenting the conflicting claims of the parties, but the statements we have made indicates sufficiently the real question in this case. It is this: Is the lot of ground claimed by the appellant a public street or highway? Before the appellee should be permitted to enter upon the premises and remove the appellant's buildings, its right to do so should be established by clear and convincing facts. The law will not permit such an act where the right is doubtful, or where it would be against equity and good conscience.

The record contains a great deal of testimony. We have given it careful consideration, and, without discussing it in detail, we will refer to those facts which we consider essential to the decision of the controlling question presented by the pleadings.

About the year 1858 a patent was issued by the State to Michael Somers, Hance Lawson and John W. Crisfield for a tract of low or marsh land on which the town of Crisfield is now in part built, and about the year 1868 they had the land surveyed and platted into lots and proposed streets. One of the streets shown on the plat, which was recorded in the office of the clerk of Somerset County, was called Cross street (now known as Seventh street), which ran from Somer's Cove on one side to Annamessex River on the other, and crossing also the Eastern Shore Railroad, now known as

the New York, Philadelphia and Norfolk Railroad, and extending about one-fourth of a mile across the marsh land to the river.

Another street, now called Main street, is shown on the plat. This street runs practically east and west, and in close proximity to the railroad.

Cross street, as shown upon the plat, is sixty feet wide, and the lot of ground in dispute, in this case, constitutes the bed of what is claimed to be Cross street between Main street and the railroad.

After making the plat, the owners had another plat made which narrowed Cross or Seventh street from sixty feet to fifty feet, and stopped the street at the intersection of Main street opposite the land in controversy.

Hance Lawson, one of the owners of the land, erected a store building in the bed of Cross street as shown on the plat of 1868. The exact date when this building was erected, whether before or after the making of that plat, is not certainly fixed by the evidence,—one witness, Elijah T. Somers, testified that it was built by his father for Mr. Lawson about 1867 or 1868. Afterwards some improvements to the store were made by Mr. Lawson, and during this work some dispute or question seems to have arisen between him and the Commissioners of the town as to his rights in the premises and John W. Crisfield who was a member of the bar, was called in, and at a meeting held on the ground the matter was apparently settled in favor of the right of Mr. Lawson to make the improvement on the lot. This occurred, according to the evidence of one of the witnesses, about twenty-five years before the institution of this suit. The building erected by Mr. Lawson was used as a dwelling on the second floor and as a store below, and one of the witnesses testified that he had been living on the property for thirty-five years continuously.

John W. Crisfield, one of the patentees and owners, conveyed his one-third undivided interest in the property to

Thomas J. Dixon and William H. Roach, who held as tenants in common with Somers and Lawson. Mr. Roach died in 1888, and upon appropriate proceedings had in the Circuit Court for Somerset County a decree was passed for the sale of all the property held in common, and N. Walter Dixon was appointed trustee to make the sale. He sold the lot now in dispute at public sale on the 18th day of January, 1890, after it had been, so far as the appellee is concerned, in the continuous and undisputed possession of Hance Lawson for about twenty-two years, to John H. Holland, and reported the sale to the Court. The sale was finally ratified, the purchase price paid, and a deed executed and delivered by the trusteee to the purchaser.

In the trustee's report of sale the property sold was described as follows:

"All that lot north of Main street, where stands store house occupied by Noah Sterling, and lying between the premises formerly belonging to Elijah Maddrix and the premises formerly belonging to George L. Moore, and extending from Main street to the railroad premises, building not included, it being the personal property of Hance Lawson's estate. And your trustee sold said lot to John H. Holland at and for the sum of two hundred and fifty-five dollars, he being at that sum the highest bidder therefor. And the said Holland elected the all-cash terms of sale, and has fully paid said purchase money. And your trustee reports that by agreement with Emiline Lawson, widow of Hance Lawson, he sold all of said real estate clear of any incumbrance of her dower, she electing to take in lieu thereof a sum to be allowed by the Court; which agreement in writing is filed herewith."

In February, 1891, Mr. Holland bought from the administrator of Hance Lawson the building upon the property consisting of the store house and dwelling. He built a shoe shop on the lot, which the appellee has removed, and he also

put up a back building and made other improvements to the property. He died in 1905, intestate, leaving as his only heirs at law two daughters,—the appellant and Mrs. Mannie L. Somers, and by a deed dated July 15th, 1905, from Mrs. Somers and her husband this property, with the improvements, was conveyed to the appellant, and she has since, through her tenants, been in the possession of the same. The property was assessed by the appellee to Lawson, Holland and the appellant during their respective possession and these taxes were paid by the several owners. The combined possession of these owners have extended over a period of forty years.

The evidence is conflicting upon the question as to whether Hance Lawson and John H. Holland recognized the right of the public to the use of Seventh street at the point in dispute; but it strongly tends to support the appellant's position that they claimed the absolute title to and ownership of the property. But the appellee claims that the building is located in the bed of a public highway of the town of Crisfield, and constitutes a nuisance which it has the right to abate. It maintains that Seventh street was dedicated to public use by the plats and deeds offered in evidence, and that this dedication has been accepted by the public, and that the obstruction of the highway is a public wrong which can never grow by prescription into a private right, and that no facts or circumstances are shown from which an equitable estoppel against the public in favor of the appellant can arise. It may be conceded that by the plats and deeds offered in evidence Seventh street was dedicated by the owners to public use. But the dedication of the street to public use by the plats and deeds does not make the street a public highway. Such a conveyance does not become final and irrevocable until there has been an acceptance of it on the part of the public authorities. *Baltimore* v. *Broumel,* 86 Md. 153; *Valentine* v. *Hagerstown,* 86 Md. 486; *New Windsor* v. *Stocksdale,* 95 Md. 212.

It is said in *Kennedy* v. *Cumberland,* 65 Md. 514, that "any individual may lay out a thoroughfare through his land, but such dedication does not impose upon the county or municipality the duty of improving it or keeping it in repair. There must be an aceptance of the dedication before this duty can arise."

"Not only is such an acceptance necessary, but it must be proved by the party who asserts the way to be a public way; and it may be proved when expressed by the record, or it may be implied from repairs made and ordered, or knowingly paid for by the authority which has the legal power to adopt a street or highway, or from long user by the public." *State, use of James,* v. *Kent County,* 83 Md. 377. Where user or prescription is relied on to establish a public highway, it must be an uninterrupted user by the public for at least twenty years, and such user for any less period of time will not suffice. *Kennedy* v. *Cumberland, supra.*

The defendant never made any repairs to this portion of Seventh street, and never in any manner exercised any control over the same, until the controversy in this case arose, when a few cart loads of cinders were placed upon the street by its direction. No other act of acceptance on the part of the town authorities has been shown, and the character of the user made by the public is wholly insufficient to justify the inference that it had been accepted as a public street or highway.

Mere delay in the acceptance of a dedication will not bar the right of the municipality to assume control or open a street. But upon the facts disclosed by this record the appellee should not be permitted to dispossess the appellant and remove her building without making just compensation.

It is said in 9 *Amer. & Eng. Ency. of Law* 50: "The acceptance may immediately follow the dedication by the owner, and the dedication be completed at once, for no particular time is necessary to establish a dedication. An immediate acceptance, however, is not necessary in order to secure

the rights of the public and prevent the owner from recalling his offer, although the offer of dedication must be accepted within a reasonable time or the public will be estopped from asserting any rights to the land offered by the owner for public uses. What is a reasonable time is a question of fact and depends upon all the circumstances of the case. Where a new town is laid out it is not expected that all the streets and parks will be needed by the public at once. Acceptance by use and improvements whenever the growth of a town demands it will be sufficient; and the owner cannot deny the dedication or object that it was not accepted within a reasonable time unless the municipality has shown affirmatively an intent not to accept, or has allowed the owner to make valuable improvements without objections so that he would be materially injured were the dedication insisted upon."

The store and dwelling were erected by Mr. Lawson many years ago with the knowledge and acquiescence of the defendant. It has assessed it as private property, and collected taxes upon it for approximately forty years. The defendant had full notice for all this time that the appellant and those under whom she claims were in possession claiming title, and it was its duty under the circumstances to have interposed to save its rights, and it is now estopped to accept the dedication to public use and inflict the injury it proposes to do upon the plaintiff.

JUDGE DILLON, in his work on *Municipal Corporations,* 4th Ed., sec. 675, states the rule which we think should be applied in this case: "It will, perhaps, be found, that cases sometimes arise of such a character that justice requires that an equitable estoppel shall be asserted even against the public. But if so, such cases will form a law unto themselves, and do not fall within the legal operation of limitations enactments. The author cannot assent to the doctrine that, as respects public rights, municipal corporations are impliedly within ordinary limitations statutes. It is unsafe to recognize such a principle. But there is no danger in recognizing

the principle of an *estoppel in pais* as applicable to excep-
tional cases, since this leaves the Courts to decide the ques-
tion, not by the mere lapse of time, but upon all the circum-
stances of the case to hold the public estopped or not, as right
and justice may require."

There is nothing in the record to identify the fifty foot
strip of land mentioned in the deed from Hance Lawson and
others to the appellee dated September 2nd, 1875, or to show
whether the building which the appellee seeks to remove is
located on that land.

A motion has been made by the appellee to dismiss the
appeal, because the transcript of the record was not made and
transmitted to this Court within three months from the time
of the appeal prayed, as required by section 33, Article 5 of
the Code. The order for appeal was entered on December
30th, 1912, and the record was filed in this Court on April
3rd, 1913. On the 22nd of February, 1913, the appellant's
counsel sent written instructions to the clerk as to what
papers he wished to be included in the transcript. An ex-
amination of the affidavits and exhibits show that the clerk
had about five weeks to make up and transmit a record of
about one hundred and seventy-five pages. This would ap-
pear to have been ample time for doing such work, and the
transcript at any rate would have been filed here in time
had not the clerk stopped the work upon it while waiting for
certain papers suitable for plats, and to do other work. It
cannot be said that the delay in the transmission of the rec-
ord was due wholly to the appellant, or that she or her coun-
sel has been guilty of such *laches* as to forfeit her right of
appeal, and, therefore, the motion to dismiss is denied.

> *Order reversed and cause remanded, with
> directions that the injunction issued by
> virtue of the order of the 29th of Janu-
> ary, 1910, be made perpetual, the ap-
> pellee to pay the costs above and below.*