# SAMUEL ROSENTHAL

## *vs.*

## WILLIAM J. DONNELLY ET AL.

*Cloud upon title: equitable relief.*

A court of equity will not allow a title, otherwise clear, to be clouded by a claim which can not be enforced either at law or in equity.                    pp. 154-155

If the plaintiff has the legal title and is in possession, a court of equity has jurisdiction to grant relief.                    p. 154

If a party has the legal title, and is in possession of the property, he can not resort to an action at law for damages caused by a cloud cast upon his title, because **he** has not been dispossessed.                    p. 154

Anything is a cloud in the title to land which is calculated to cast doubt or suspicion upon it, or seriously to embarrass the owner in maintaining his right or of disposing of the property.                    p. 155

If a grantee places upon record a deed which includes, and purports to convey, land to which he is not entitled, and to which his grantor had and claimed no title, it constitutes a cloud upon the title of the true owner of such land, against which equity will give relief.                    p. 156

*Decided May 7th, 1915.*

Appeal from the Circuit Court No. 2 of Baltimore City. (AMBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Jacob J. H. Mitnick* (with *Louis Mitnick* on the brief), for the appellant.

*Alfred S. Niles* and *Richard Bernard,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from an order overruling a demurrer to the bill of the appellee filed against the appellant. The bill as originally filed alleges, in substance, that the plaintiff is "seized and possessed" of a certain lot of ground in the City of Baltimore, situated on the north side of Water street. The lot was acquired by deed from George R. Gaither, Trustee, dated September 10, 1904, a copy of which is filed with the bill and made part of it. In this deed the land so acquired by the plaintiff is fully described by metes and bounds, courses and distances.

On the 12th day of March, 1914, the plaintiff, by written contract or agreement made with one Charles E. Falconer, agreed to sell and sold to him, at and for the sum of $6,500, the aforesaid lot of land, and upon the payment of the purchase money therefor a deed was to be executed by the plaintiff conveying to the said Falconer a good and merchantable title therein. The contract of sale was likewise filed with the bill and made a part of it. Upon an examination of the title by the Title Guarantee and Trust Company, there was discovered upon the records a deed from one James W. Harvey, substituted trustee, to the defendant, dated January 19th, 1914, by which the said Harvey, trustee, attempted to convey unto the defendant two lots or parcels of land. The bill alleges that in his attempt to convey

the secondly described parcel of land, which lies immediately north of the plaintiff's lot, he included within the lines of the land so conveyed a strip of land, belonging to the plaintiff, two feet in width, extending across the entire rear or northern end of said lot of the plaintiff, and also included two feet of an alley three feet in width over which the plaintiff has an easement from his lot to Custom House avenue.

The lot of the plaintiff was purchased by him soon after the great fire of 1904, and the bill alleges that *said lot has been in the possession of the plaintiff ever since,* although no buildings have been erected or improvements made thereon.

It is further alleged in the bill that the defendant has never physically trespassed upon, or occupied any part of said lot or alley.

The bill also alleges that the placing on record of said deed was unwarranted and inequitable and has created a cloud on the title of the plaintiff.

The prayer of the bill then asked that the title of the plaintiff to the aforesaid strip of land embraced in the deed to the defendant, together with his easement over said alley three feet in width, be quieted and the cloud cast thereon by recording said deed from James W. Harvey, substituted trustee, to the said defendant be removed by a decree of the Court.

A demurrer to this bill was sustained, with leave to the plaintiff to file an amended bill. Thereafter the Savings Bank of Baltimore, to whom a mortgage had been executed by the defendant upon the lands so conveyed to him by Harvey, trustee, including the aforesaid strip of land, was, upon the petition of the plaintiff, made a party defendant to the bill, and thereafter the appellant filed his amended bill.

The amended bill adopts the allegations of the original bill, and further alleges that the defendant, before accepting the said deed from Harvey, substituted trustee, a copy of which deed is filed as Exhibit No. 3 with the original bill,

and therefore is to be considered a part of the amended bill, caused to be made a survey of the land, and "upon the strength of the measurements and locations disclosed by said survey, objected to the title of the said James W. Harvey, substituted trustee, to the secondly described lot in said Exhibit No. 3, and forced said trustee and his counsel to make an abatement of a part of the purchase price, the amount of which abatement was paid to the said Samuel Rosenthal (the defendant) by the said trustee or his counsel. Yet, notwithstanding his said objection to the secondly described lot in said deed and the abatement of part of said purchase money, the said Rosenthal placed on record, among the land records of Baltimore City, said deed, knowing that a large part of the secondly described lot therein did not belong to James W. Harvey, trustee, but belonged to your orator and others."

The bill then alleges that the secondly described lot of land in the aforesaid deed, including the strip of land belonging to the plaintiff, is embraced in the mortgage from the defendant to the Savings Bank of Baltimore, although it is not separately described therein, and a copy of which said mortgage is filed as an exhibit with the bill. It further alleges in relation thereto that "the officers of the Title Guarantee and Trust Company employed by the said Savings Bank of Baltimore to examine the title of the defendant to the property mentioned in said mortgage, were fully conversant with the measurements and locations ascertained by said survey and refused to pass or insure the said Samuel Rosenthal's title to said secondly described lot in said deed, Plaintiff's Exhibit No. 3. Notwithstanding that, the said Savings Bank of Baltimore placed upon record said mortgage."

With the amended bill is filed, as an exhibit, a plat showing the location of the plaintiff's property and the property contiguous thereto. This plat we will ask the *Reporter* to insert in the report of this case.

BALTIMORE STREET

165'

Lot Nº 70

66

66

165'

Lot Nº 69

66

66

165'

Lot Nº 68

66

66

TOTAL 368'-6"

199'-3¼"

AVENUE

STREET

TOTAL 366'-5½"

Lot E-F-G-H-E
John Boyd, deed to
First National Bank of Balto.
April 3-1866 – A.M. 300-323

Title 88

Beginning

Title 90'

165'

Lot B-E-F-C-B
Second Parcel in Lease from
Jacob Albert and wife to John Boyd
January 29-1852 – E.D 4-386

Lot K-L-M-N-K
James W. Harvey, Trustee
deed to
Aaron Cohen et al
March 15-1910 – S.C.L. 2566-92

Lot Nº 67

Lot O-P-Q-R-O
First Parcel in deed from
James W. Harvey, Trustee
to
Samuel Rosenthal
January 19-1914 – S.C.L 2873-559

First Parcel in Lease from Jacob Albert & wife to John Boyd.
January 29- 1852. E.D. 4-386

Lot A-B-C-D-A
President and Directors of
Maryland Fire Insurance Co.
deed to
Alex. Bell & Executors
March 13-1873 – G.R. 604-272

New Building
Erected in 1914
165'

Title 88

Title 90'

3 feet

40' Alley

Alley laid out by agreement
between Geo. Plowden and
wife, and President & Dir. of
Maryland Life Insurance Co.
March 3-1865-A. N.270-437

Title 20
to lot 67
in N.E. cor.
of 3 ft alley

Division line between
Lot Nº 66 and Lot Nº 67,
as defined by improvements

BRICK BUILDING

Fence

Beginning 100'-6"

Beginning 100'-9½' to North side 3 feet alley

Title 100'-9½' to North side alley

President and Directors of
Maryland Fire Insurance Co.
deed to
Bruno Momenthay,
December 12-1904 – R.O.2114-86

Title 100'-9½'
Title 100'

George R. Gaither, Trustee, deed to
William J. Donnelly,
September 10-1904 – R.O.2085-175
Title 100 to Lot Nº 67

Lot Nº 66

Title 99'
Possession 101'-2"

CUSTOM HOUSE

Title 47'-8"
Beginning 47'

Title 20'

WATER STREET

GAY

STREET

NOTE – The Second Parcel in deed from
James W. Harvey, Trustee, to
Samuel Rosenthal, dated Jan. 19-1914,
Liber S.C.L. 2873-559, is a strip of
land 5 feet wide, adjoining and South of line "L-M"

The bill then alleges that the plaintiff's lot and the alley three feet in width, mentioned in the deed to him from George R. Gaither, trustee, are bounded on the north by the dividing line between lot 66 and lot 67 of Baltimore Town, as shown and designated upon the aforesaid plat, this dividing line being also the southernmost line of the land belonging to the said James W. Harvey, substituted trustee, "south of which he never professed to own any land whatever."

As alleged in the bill, the southern wall of the building erected on the first described lot in the deed from Harvey, trustee, to the defendant, is north of the aforesaid dividing line between lots Nos. 66 and 67, and is, as shown by the plat, upon the line starting on Gay street at the letter P and extending in a straight line westerly in the direction of the beginning point of the secondly described lot, ending at a point about north of letter D on said plat. This line, it will be seen by reference to the plat, is also about three feet north of the northernmost line of the plaintiff's lot. And so it was, as the bill alleges, that when "the draftsman of the deed, in running the second, third and fourth lines of the said secondly described lot, wrote 'thence southerly, along the lot of the ground firstly described (that is, from M to Q, as shown by the plat to be three feet in length) and *continuing the same course five feet* (thus crossing the aforesaid divisional line between lots Nos. 66 and 67 and the northernmost line of the plaintiff's line when extended), thence westerly, parallel with the first line of the lot now being described, ninety feet to Custom House avenue, and thence northerly to the place of beginning'; (he) well knew that he enclosed not only land belonging to James W. Harvey, trustee, but also land belonging to your orator and others."

It is also alleged in the bill that the locations and measurements shown on the plat filed were obtained from the surveyors of the Title Guarantee and Trust Company, and that such locations and measurements were used by it in endeavoring to induce the said Rosenthal, the defendant, "to

quit claim" to the strip of land belonging to the plaintiff, which is said to be included within the aforesaid deed. And the bill further alleges that the Title Guarantee and Trust Company prepared one or more quit claim deeds to the plaintiff from the defendant which "the latter, through his counsel, promised to execute, but subsequently refused to do so, at one time insisting that the owner of the adjoining property on the west, south of the said alley three feet wide south of said dividing line, should unite with the plaintiff in securing to said Rosenthal (the defendant) a right of way westerly from his firstly described lot to Post Office (Custom House) avenue as a condition precedent to the execution of such quit claim deed."

The bill then alleges that "if the claims and contentions of the said Samuel Rosenthal are permitted to have full force, the result will be that a strip of about two feet in width of the northernmost end of your orator's lot and a strip of the same width of the alley three feet wide will be fraudulently and inequitably appropriated by him, rendering the remainder of said alley useless, which said alley was laid out by agreement, duly recorded among the land records of Baltimore City in the year 1865, by George Presstman and wife (from whom and by *mesne* conveyances your orator claims title) and the President and Directors of the Maryland Fire Insurance Company for their sole use and their successors in title, and now stands precisely as when first laid out," and then repeats the allegation in the original bill that the placing on record of said deed, Plaintiff's Exhibit No. 3, claiming title to a portion of your orator's said property, was unwarranted and inequitable, and has created a cloud upon the title of your orator.

It further alleges that one of the officials of the Title Guarantee and Trust Company stated that the aforesaid strip of land was embraced in the mortgage by mistake, but it is alleged in the bill that whether mentioned by mistake or not, it is as much a cloud upon the title of the plaintiff until released as the deed to which it refers.

The prayer of the original bill is repeated at the conclusion of the amended bill, and in addition thereto it asks for the removal of the cloud upon the plaintiff's title resulting, as it is alleged, from the execution and recording of the aforesaid mortgage from the defendant to the Savings Bank of Baltimore. The prayer also asks for general relief.

A demurrer was likewise filed to the amended bill, but was overruled, and it is from the order overruling the demurrer that this appeal is taken.

The defendant, as a basis of his demurrer, has interposed many objections to the sufficiency of the bill and has cited to us many authorities in other jurisdictions in support of his contentions, all of which we have carefully considered, but many of them, we think, need not be referred to and discussed in reaching a proper decision in this case. To do so would only prolong this opinion without serving any useful purpose.

The contention is made by the appellant that the relief sought by the bill should not be granted because it is not alleged with sufficient clearness that the plaintiff was in pos session of the property at the institution of these proceedings.

It is no doubt well settled in this State as a general rule of law that the jurisdiction of a Court of Equity cannot be maintained to remove a cloud from title unless the party has the legal title and the possession. If the possession is in another, his action is by ejectment. *Crook* v. *Brown,* 11 Md. 158; *Polk* v. *Pendleton,* 31 Md. 118; *McCoy* v. *Johnson,* 70 Md. 490; *Livingston* v. *Hall,* 73 Md. 386; *Textor* v. *Shipley,* 77 Md. 473; *Helden* v. *Hellen,* 80 Md. 620; *Miller's Eq. Procedure,* sec. 716. But it is equally as well settled that if the plaintiff has the legal title and is in possession of the property at the time the bill is filed, it is within the jurisdiction of a Court of Equity to grant such relief. *Polk* v. *Rose,* 25 Md. 153; *Polk* v. *Reynolds,* 31 Md. 106. *Stewart* v. *May,* 111 Md. 175.

A Court of Equity will not allow a title, otherwise clear, to be clouded by a claim which cannot be enforced either at

law or in Equity. And if the plaintiff has the legal title and
is in possession of the property, he cannot resort to an action
at law, because he has not been dispossessed. His only rem-
edy, therefore, is in a Court of Equity. *Holland* v. *Mayor
& C. C. of Baltimore,* 11 Md. 187; *Polk* v. *Rose, supra.*

In the case at bar it is alleged in the bill that he became
seized and *possessed of* the land described in the deed to him
from George R. Gaither, trustee, with the aforesaid ease-
ment appurtenant thereto shortly after the fire of 1904 and
that *he has ever since been in possession* of said property.
By the use of this language we think the plaintiff has, with
sufficient clearness, alleged the fact that he was at the time
of the institution of these proceedings in July, 1914, in pos-
session of the land and property involved in this controversy,
and therefore he is entitled to the relief sought if, by the
allegations of the bill, a cloud has been cast upon his title.

It is contended, however, by the appellant that the allega-
tions of the bill do not show such a cloud upon the title of
the appellee as to entitle him to the relief sought.

In *Stewart* v. *May,* 111 Md. 175, in many respects like the
case before us, the cloud upon the title was the placing upon
record by the defendant of a deed to him from another and
a mortgage by him to such party in which the lands of the
plaintiff were embraced. As in this case, a demurrer to the
bill was overruled, and the contentions there made are the
contentions here made. The Court there, in sustaining the
order of the Court below in overruling the demurrer, said:
"Anything is a cloud which is calculated to cast doubt or
suspicion upon a title, or seriously to embarrass the owner
either in maintaining his rights or in disposing of the prop-
erty. 7 *Cyc.* 256. And we think that the deed and mortgage
of 1907 and the acts of the appellant are calculated to cast
a doubt upon the appellee's title and to embarrass him in
maintaining his rights, and that under the averments of his
bill he is entitled to the relief sought." And when the case
came a second time to this Court (*Stewart* v. *May,* 119 Md.

10), after it was heard upon its merits, JUDGE BOYD, in speaking for the Court, said: "The record in our judgment proves beyond question that Mrs. Garrison had no right to convey, and Mr. Stewart, who was familiar with the facts, had no right to mortgage the strip included in the alley. It is equally clear that placing the deed and mortgage upon the record was calculated to create a cloud upon the title of the appellee."

The bill not only alleges that the plaintiff is the owner of the legal title and is in possession of the aforesaid lands, but it also alleges that before the Harvey deed was accepted by the defendant, it was known to him that the aforesaid strip of land alleged in the bill to be the property of the plaintiff, and a part of the aforesaid alley over which the plaintiff had an easement, was included within the aforesaid deed to him from Harvey, trustee, and because of which fact he, as alleged in the bill, "forced the trustee * * * to make an abatement of a part of the purchase price" for the lands included within the deed to him from Harvey, but notwithstanding such abatement, he nevertheless placed the deed upon record, and when he was thereafter requested to give to the plaintiff a quit claim deed for so much of the land embraced within said deed as belonged to the plaintiff, he at first consented to do so, but thereafter refused to execute such deed unless, as the bill alleges, an easement was granted him over the aforesaid alley to Custom House avenue.

The placing of the deed and mortgage upon record as above stated and the acts of the appellant in relation thereto had, we think, the effect of casting a cloud upon the plaintiff's title, and under the allegations of his bill he was entitled to the relief sought. We will affirm the order overruling the demurrer.

*Order affirmed, with costs to the appellee, and case remanded.*