HACKERMAN *v.* MAYOR AND CITY COUNCIL
OF BALTIMORE ET AL.

[No. 113, October Term, 1956.]

*Decided. April 8, 1957.*

The cause was argued before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

*Cary D. Hall, Jr.,* for the appellant.

*Lloyd G. McAllister, Assistant City Solicitor of Baltimore,* with whom were *Thomas N. Biddison, City Solicitor,* and *Milton H. F. Saul, Assistant City Solicitor,* on the brief, for the appellees.

Prescott, J., delivered the opinion of the Court.

This is an appeal from a final decree in favor of the Mayor

and City Council of Baltimore and Paul A. Cohen, (former) Building Inspection Engineer (Defendants below) entered by the Baltimore City Court in a suit, an action of trespass on the case, brought under the authority of Code, Article 75, Secs. 135-140, by Esther T. Hackerman, appellant.

The purpose of the suit is to compel the Building Inspection Engineer of the City of Baltimore to issue the appellant (plaintiff below) a permit for the use of the land in the bed of Falls Street for purposes permitted by law and for an injunction forbidding and restraining the City of Baltimore from the use thereof as a public street.

The case was heard upon the merits by the Baltimore City Court and a final judgment in favor of the Mayor and City Council of Baltimore, which also denied the prayer for injunction against the City's using Falls Street, and the writ of *mandamus* that would have required the defendant, the Building Inspection Engineer, to issue a permit for the use of Falls Street.

In entering the judgment in favor of the Mayor and City Council of Baltimore and the Building Inspection Engineer, the Court below found that Falls Street was dedicated to the City for public highway use and thereafter the City of Baltimore duly accepted the dedication thereof.

The evidence in the case shows that prior to the year 1851 a tract of land which includes the street in question was owned by the Mary Caton Estate. In a partition of the property and estate of Mary Caton, in the High Court of Chancery of Maryland, a copy of the proceedings being on file in the Circuit Court of Baltimore City, a plat of the tract of land, Plaintiffs' Exhibit 1, shows the subdivision of the land into 21 lots, 16 of which border on a street known as Holkham Street. The part of Holkham Street on said plat running at right angles to Washington Boulevard and along the northeast line of lot A1 is now known as Falls Street and is 50 feet wide; and the said plat is a part of the Court records in the partition case.

According to the evidence in the case, 5 lots known as B3, C4, D5, D6 and C7 were sold off by the common owner by deeds to various grantees during the years 1863, 1873, 1882, 1887 and 1903, and also according to the evidence in the case, these lots were all described in said deeds as bounding or abutting on the said Holkham Street, without any reservations, reserving the street from dedication. The evidence further shows that the title to the aforementioned 5 lots did not at any time become vested in Christian F. Kurrle, the immediate predecessor in title to Esther T. Hackerman, the appellant.

The testimony also shows that by deed dated April 3, 1907, Christian F. Kurrle acquired title to lot A1, as well as several others, and in addition to the lots granted thereby, there was a grant of all the interest of the grantors in and to the beds of Holkham and Falls Streets as laid down on said plat. (The grantor in this deed is a trustee and his source of title is not described with certainty. However, as both sides treat this grantor as the common owner or a successor in title, we shall consider him as such.)

Christian F. Kurrle and wife, by deed, dated December 18, 1917, and recorded among the Land Records of Baltimore County in Liber W.P.C. No. 492, folio 272, conveyed unto Eli J. Hackerman lot A1, including the bed of Falls Street; Eli J. Hackerman thereafter deeded the property to a straw party, who then deeded it back to him and the appellant as tenants by the entireties. Eli J. Hackerman died in 1954.

The Mayor and City Council of Baltimore, acting through the Bureau of Sewers, between May 10, 1930, and July 26, 1931, constructed and has since maintained in the bed of Falls and Holkham Streets a sanitary sewer to service this general area without permission of Eli J. Hackerman or Esther T. Hackerman, his wife, the alleged owners of the land within the beds of Falls and Holkham Streets.

The questions to be decided are:

    1. Was Falls Street dedicated to public use;

    2. If so, are the Mayor and City Council of Baltimore estopped from asserting said dedication, or

was such dedication abandoned by the Mayor and City Council or lawfully revoked by the original grantor or said grantor's successor in title; and

3. If Falls Street were dedicated, was such dedication accepted by the Mayor and City Council, so that said street is now a public highway of the City of Baltimore?

I

In dealing with the question of dedication, the adjudicated decisions and the text writers cause some confusion by their use of the term "dedication". They frequently use this term as meaning both the "offer to dedicate" and the "offer to dedicate and the acceptance thereof", *i. e.,* the completed dedication. Cf. *Taussig v. Van Deusen,* 183 Md. 436, 440, 37 A. 2d 915.

In order to effectuate a common law dedication, it is indispensable that there be an intention on the part of the grantor to dedicate to public use. It frequently has been held by this Court that where, in a City, the owner makes a plat of land on which the streets are laid down and then conveys it in lots described as bounding on the streets or by reference to their numbers on the plat from which it appears that they do in fact bound on the streets, an intention to dedicate the land lying in the street beds to public use will be presumed, in the absence of language showing that no dedication was intended. Among the many cases so holding, see *White v. Flannigain,* 1 Md. 525; *McCormick's case,* 45 Md. 512; *Harlan v. Bel Air,* 178 Md. 260, 265, 13 A. 2d 370; *State Roads Comm. v. Teets,* 210 Md. 213, 224, 123 A. 2d 309. There can be no doubt that under the authority of these decisions there was a dedication of Falls Street (or offer to dedicate) to public use resulting from the conveyances in which lots B3, C4, D5, D6 and C7 were sold by the common owner. This offer of dedication applied to the street at the rear of the lots as well as at the front, *Barney v. Baltimore,* 1 Hughes Cir. Ct. R. 118; and, where, as in this case, the deeds transferred lots calling to bind on a street not yet opened by the public authorities, the purchasers were en-

titled to a right of way over Holkham Street to its full extent and dimensions only until it reached the next public street. *Canton Co. v. Baltimore City,* 106 Md. 69, 66 A. 679, 67 A. 274.

## II and III

When the above lots were sold by the common owner, two classes of persons were affected, one, the purchasers of the lots, and, two, the public. The rights of these two classes, arising from an offer to dedicate, always may not be the same, so that a dedication may be incomplete as to the public, but may confer rights to the abutting owners who have bought in reliance on the offer. *Finance Corp. v. Realty Corp.,* 172 Md. 138, 148, 191 A. 81. In this suit, the lot owners are not parties and we are dealing only with the rights of the public. In order for the above offer of dedication to the public use to become final and irrevocable and for Falls Street to become a public highway there must have been an acceptance of the offer by the public authorities. *Canton Co. v. Baltimore City, supra,* p. 84; *Finance Corp. v. Realty Corp., supra,* p. 148; *Whittington v. Com'rs of Crisfield,* 121 Md. 387, 392, 88 A. 232. And such an offer must be accepted within a reasonable time or it may be revoked. *Finance Corp. v. Realty Corp., supra,* p. 148; *North Beach v. Land & Imp. Co.,* 172 Md. 101, 116, 191 A. 71. But the owner cannot deny the dedication or object that it was not accepted within a reasonable time unless the municipality has shown affirmatively an intent not to accept, or has allowed the owner to make valuable improvements without objections so that he would be materially injured were the dedication insisted upon. *Whittington case, supra,* p. 394. What is a reasonable time depends upon the facts of particular cases, and is measured by no fixed rule. *Finance Corp. v. Realty Corp., supra,* p. 149; *Whittington v. Com'rs of Crisfield, supra,* p. 394.

In this case, the first lot was sold in 1863 and others as late as 1903. The authorities of Baltimore City gave no intimation that the offer of dedication was to be accepted until 1922, when, by Ordinance No. 753, it accepted the same (these Ordinances should be properly proved, unless they are included within the exception of those of which the Court

takes judicial notice. *Givner v. Cohen,* 208 Md. 23, 30, 31, 116 A. 2d 357). In the meantime, one Kurrle, the predecessor in title of the appellant, had obtained in 1907, deeds that attempted to grant title to the bed of Holkham Street (including what is now known as Falls Street). We think these deeds were ineffectual to establish a revocation of the offer to dedicate Holkham Street (including Falls Street) · to public use.

This Court said in *McCormick's case, supra,* at p. 523: "And in the case of a clear act of dedication \* \* \* it is not essential \* \* \* that the space thus dedicated should, at once, be used by the public \* \* \* or that it should be so used within any limited time, in the absence of any condition to that effect." And in *Clendenin v. The Md. Const. Co.,* 86 Md. 80, 85, 37 A. 709, this Court stated: "\* \* \* and as long as the implied covenant (to dedicate) between the grantor and grantee exists, the city can accept, unless there has been an abandonment or an estoppel of some kind, \* \* \*". In the *Whittington case, supra,* at page 394 of 121 Md., the Court of Appeals further stated: "What is a reasonable time is a question of fact and depends upon all the circumstances of the case. Where a new town is laid out it is not expected that all the streets and parks will be needed by the public at once. Acceptance by use and improvements whenever the growth of a town demands it will be sufficient; and the owner cannot deny the dedication or object that it was not accepted within a reasonable time unless the municipality has shown affirmatively an intent not to accept, or has allowed the owner to make valuable improvements without objections so that he would be materially injured were the dedication insisted upon." Applying the above principles to the proof in this case, we are unable to discover any affirmative act or acts on the part of the city (in fact none was attempted to be proved except the lapse of time) that indicated an intention not to accept the offer of dedication, nor are we able to discover any acts that constitute an estoppel. The appellant does not show by her evidence that any valuable improvements have been erected thereon, but shows that she permitted persons, over a period of years, to fill up that part of Falls Street that was

a hole, that she paid taxes thereon for some of the years subsequent to 1922, and paid a sidewalk assessment in front of Falls Street in 1946. We do not consider these sufficient to establish an estoppel.

We hold that there was a proper acceptance when Ordinance No. 753 was adopted and, therefore, Falls Street is a public highway of Baltimore City.

*Judgment affirmed, with costs.*