SHAPIRO ET AL. *v.* BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY ET AL.

[No. 160, September Term, 1958.]

*Decided March 17, 1959.*

The cause was argued before HAMMOND, PRESCOTT and HORNEY, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*William E. Brooke,* with whom were *Shriver & Brooke* on the brief, for the appellants.

*Thomas E. Jones, Robert B. Mathias* and *Robert Diemer,* with whom were *William L. Kahler* and *Charles M. Irelan* on the brief, for the appellees.

PRESCOTT, J., delivered the opinion of the Court.

The appellees filed a motion to dismiss the present appeal "since Rule 828 b 1 (b) * * * has not been met * * *." They complain that a deed filed as an exhibit with the bill of complaint was not included in the record extract. We think the record, as presented, is sufficient for a determination of the questions involved in the appeal; consequently, the motion to dismiss is overruled.

The court below sustained a demurrer to and dismissed the plaintiff's bill of complaint which prayed for declaratory relief. The bill alleges, in substance, that the plaintiffs are the sole owners of a certain tract of land, some of which lies to the south and some to the north of a strip of land, running generally east and west, that is designated, on a plat of the northern portion of said tract recorded in 1893, as "Landover Street." The southern portion of the tract does not seem to

be subdivided. The bill further alleges that the offer of dedication of Landover Street [1] by the recording of the plat has never been accepted by the officials of Prince George's County, and it has never been improved or developed in any manner. It states that the plaintiffs and their predecessors in title have revoked any offer to dedicate said street to public use, and the plaintiffs are informed and believe that the defendants are claiming an interest therein adverse to the interest of the plaintiffs. It then prays that the court determine and declare the relative rights of the parties and for general relief.

In actions for declaratory judgments or decrees, as in actions generally, a demurrer admits all of the alleged facts that are well pleaded. 1 Anderson, *Declaratory Judgments,* Section 318.

In reading the chancellor's opinion, it is not easy to pinpoint his exact reasons for dismissing the bill of complaint; and, likewise, an examination of the appellees' brief fails to disclose, with certainty and clarity, just what their contentions are. However, they seem to rely on: (a) a claim that the plaintiffs failed to allege title or possession to the land in question; and (b) that appellants are estopped to deny the dedication of the land involved.

(a)

The appellees claim that the land in dispute is designated as a street upon a recorded plat, and, consequently, the plaintiffs fail to show either title or possession, which are necessary ingredients in any bill *quia timet* or to remove a cloud from title. They cite the cases of *Polk v. Pendleton,* 31 Md. 118, *Rosenthal v. Donnelly,* 126 Md. 147, 94 A. 1030, and *Carswell v. Swindell,* 102 Md. 636, 62 A. 956, all of which held that title and possession in the plaintiffs were necessary in order to maintain suits to quiet title. However, they were all decided before Code (1957), Article 16, Section 128. This section provides, *inter alia,* that any person, being in actual peaceable possession of land or in the event the land be vacant and unoccupied, in constructive and peaceable possession

---

1. There is one other short portion of a platted street involved, but for the purposes of this case it need not be set forth in detail.

under color of title, when his title thereto or any part thereof is disputed or denied or when any other person claims to own any interest therein, may maintain a suit in equity to quiet or remove such cloud from said title or determine such adverse claim.

The plaintiffs' theory is that they own the property in dispute [a portion of the land designated as Landover Street on the plat] by reason of their deed, whereby they obtained all of the land on both sides of said designated street, and Code (1957), Article 21, Section 107, which states that a conveyance of land which binds upon a street carries all of the rights of the grantor to the center of the street, in the absence of a specific reservation; unless there has been an offer of dedication thereof and an acceptance of the offer, and they deny the acceptance. Without, of course, attempting to pass upon the merits of the controversy, we think the plaintiffs' statements in their bill of complaint were sufficient to show a justiciable issue or controversy. The real matter in controversy or the subject of the dispute raised in the bill is the acceptance, *vel non,* of the offer of dedication made when the plat was placed of record. The mere filing of the plat in 1893 did not effectuate a complete dedication, but constituted an offer to dedicate which had to be accepted in order to make a final and irrevocable dedication. *Whittington v. Comm'rs of Crisfield,* 121 Md. 387, 392, 88 A. 232; *State Roads Comm. v. Teets,* 210 Md. 213, 222, 123 A. 2d 309; *Hackerman v. City of Baltimore,* 212 Md. 618, 624, 130 A. 2d 732.

It should be borne in mind that a demurrer is rarely appropriate in a declaratory judgment action. Where a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which the court may exercise its declaratory power, it is immaterial that the ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the

existence of a controversy which should be settled, he states a cause of suit for a declaratory decree. 1 Anderson, *Declaratory Judgments,* Section 318. It seems clear that the bill of complaint in the instant case meets all of the above tests and requirements.

(b)

The chancellor failed to assign his reasons for holding that the plaintiffs are estopped from denying that there had been an acceptance by the public authorities of the roadways delineated upon the plat; nor do the appellees assign any such reasons in their brief. The appellees seem to contend that the mere acceptance of a deed, wherein property is conveyed by reference to lots and blocks on a plat, estops the grantee from contesting the lack of acceptance by the public authorities of the offer to dedicate the streets shown on said plat. They do not cite any authority in support of such a contention and we have found none. It will be noted that the subdivision was placed of record before Chapter 619 of the Laws of 1908 was enacted. It is true, as pointed out by the appellees, that when the owner of land makes and records a plat on which streets are laid out and then sells lots as bounding on the streets (even in the absence of statute), an intention to dedicate the land lying in the roadbeds to public use will be presumed, in the absence of language showing that no offer to dedicate was intended. *Harlan v. Bel Air,* 178 Md. 260, 265, 13 A. 2d 370; *Hackerman v. Mayor and City Council of Baltimore, supra.* But, in the absence of statute, this is a presumption of an *intention* to dedicate; it has nothing to do with the question of *acceptance* by the public authorities or the general public of the offer to dedicate, or the right of the owner to revoke an offer to dedicate before its acceptance, which are the questions raised for determination in the plaintiffs' bill of complaint. Cf. *North Beach v. Land & Imp. Co.,* 172 Md. 101, 116, 191 A. 71. And there is nothing novel in bringing a declaratory action for the purpose of quieting title. 1 Anderson, *op. cit.,* pp. 4, 7, 14, and Vol. 11, Section 604. Cf. *Staley v. Safe Deposit & Trust Co.,* 189 Md. 447, 56 A. 2d 144.

*Order reversed; and case remanded, with costs.*