ROMNEY ET AL. *v.* STEINEM ET AL.

[No. 286, September Term, 1961.]

*Decided May 15, 1962.*

The cause was argued before HENDERSON, HAMMOND,. PRESCOTT, MARBURY and SYBERT, JJ.

*William E. Brooke,* with whom were *Shriver & Brooke* on, the brief, for the appellants.

Submitted on brief by *William O. E. Sterling* for the· Steinems, two of the appellees.

No brief and no appearance for the Joynts, the other ap-- pellees.

SYBERT, J., delivered the opinion of the Court.

This appeal is from an order of an equity court requiring: the appellants to sue at law to remove a cloud upon their· asserted title to a sandbar which had developed by accretion· in front of their properties, on the ground that the equity·

court did not have jurisdiction to grant such relief. The bill of complaint also sought additional relief, discussed hereinafter.

The equity bill filed by the appellants against the appellees alleged the following facts. The appellants own three contiguous tracts, each fronting on the south shore of the Patuxent River, with the easternmost binding on the west side of Kingston Creek. The appellees, Lester H. Steinem and wife, own a lot binding on the east side of the creek and on the south shore of the river. Prior to 1920 there was a submerged sandbar in the river in front of appellants' properties, which was built up by a severe storm in the early 1920's so that it now constitutes a long, exposed bar valuable for cultivation and recreation. The storm extended the bar across the mouth of the creek to the northwest corner of the Steinem property, thus deflecting the creek so that it now flows westerly between the sandbar and the properties of the appellants and thence into the river.

The bill alleges that since the formation of the sandbar the appellants and their predecessors in title have had exclusive possession of their respective portions of it, that it was connected to their tracts by separate bridges, and that they have at all times held and used it as part of their properties. The bill also asserts that the Steinems claim ownership of the sandbar and have created a cloud upon appellants' title by obtaining a court decree in 1956 granting them specific performance of a contract of sale covering the Steinem lot and the sandbar, as a result of which the Steinems conveyed their lot and the sandbar to a couple named Peak, receiving a reconveyance from the Peaks soon after, thus giving the Steinems apparent record title to the sandbar. Appellants allege that they were not joined or notified of the specific performance suit and deeds.

The bill recites that one of the appellants, Miss Romney, contracted to sell her property to J. Howard Joynt and wife (also appellees here), who refused to complete the purchase because of the alleged title cloud as to the sandbar resulting from the 1956 decree and the Peak deeds. Thereupon Miss Romney and the other appellants filed the instant equity pro-

ceeding against the Steinems and the Joynts, seeking a declaratory decree as to the ownership of the sandbar; a consolidation of the case with the 1956 specific performance case and a reconsideration of the decree therein; and a decree removing the cloud cast upon appellants' title to the sandbar by the 1956 decree and deeds. In addition, Miss Romney prayed specific performance of her contract of sale with the Joynts. After answers were filed by appellees, and statements were made by counsel at the beginning of a hearing, the Chancellor refused to proceed with the case, stating that he regarded the basic question involved as one of title to the sandbar, which he felt should be determined by an action at law. He therefore passed an order suspending further proceedings in the case and requiring the appellants to file within sixty days an action at law, either in ejectment or trespass q.c.f., to determine title to the land in dispute. This appeal is from that order, appellants contending that proper and effective remedies could only be obtained by them in equity, and that they had stated a good cause of action for equitable relief.

The right of a plaintiff who is himself in possession of land to invoke the aid of equity in an action to quiet title has been recognized in this State for many years. *Thomas v. Hardisty,* 217 Md. 523, 143 A. 2d 618 (1958), and cases there cited. See also *Barnes v. Webster,* 220 Md. 473, 154 A. 2d 918 (1959). There is nothing in Art. 16, § 128, Code (1957), which derogates or conflicts with the firmly established jurisdiction of equity in such a case. *Thomas v. Hardisty, supra* (at 529-530 of 217 Md.). As was noted in *Barnes v. Webster, supra* (at 475-476 of 220 Md.), the statute has probably enlarged the scope of relief at common law, under a bill to quiet title or remove a cloud thereon.

Here, the appellants make the unequivocal claim that they are in exclusive physical possession of the disputed sandbar, that it is connected to their lots by way of separate bridges, and that they and their predecessors have for a period of about forty years held it as part of their properties. In addition, the bill sets forth the claim of the Steinems to the land which, because of its apparent validity on the public

records, constitutes a cloud on appellants' title. Consideration of questions of title in equity under comparable circumstances is not novel. See *Goen v. Sansbury,* 219 Md. 289, 149 A. 2d 17 (1959); *Shapiro v. County Comm.,* 219 Md. 298, 149 A. 2d 396 (1959); *Leekley v. Dewing,* 217 Md. 54, 141 A. 2d 696 (1958).

The appellants have shown on the face of their bill that they have no adequate remedy at law. Since they are in alleged possession, the remedy of ejectment is not available to them. Nor do the facts as stated make out a case in trespass, and an unsuccessful suit might serve to bar them from further relief. An additional valid ground would seem to exist for equitable relief in this case. The appellants assert three separate claims to parts of the sandbar. The Steinems claim all of it. The suit seeks to set aside the 1956 decree and deed; one appellant asks specific performance against certain of the appellees. This, then, would seem to be an appropriate situation in which to invoke the aid of equity to prevent a multiplicity of suits. Cf. *Bachman v. Lembach,* 192 Md. 35, 63 A. 2d 641 (1949); *Wells v. Price,* 183 Md. 443, 37 A. 2d 888 (1944).

Appellees also make claim to the sandbar under Art. 54, § 45, Code (1957), dealing with accretions to land on navigable water. Appellants contend that a prior adjudication involving the Steinems' grantor has rendered the boundary question in regard to the sandbar *res judicata.* See *Wood v. Hildebrand,* 185 Md. 56, 42 A. 2d 919 (1945). We do not pass upon the merits of these claims or other considerations which may be relevant to the question of ownership, such as adverse possession by appellants. We find only that the appellants have stated a proper case in their bill to invoke equity jurisdiction, and the denial of jurisdiction by the court was therefore erroneous.

The appellees filed a motion to dismiss this appeal on the ground that the order appealed from was not a final one. Since the order precluded appellants from seeking equitable relief and since, as we have found, their only effective remedy is in

equity, the order was determinative of appellants' right to relief and therefore final in nature. The motion is denied. For the reasons stated, the order will be reversed.

> *Order reversed; case remanded for further proceedings in conformity with this opinion; costs to be paid by the appellees, Lester H. Steinem and Gladys D. Steinem.*