WHITTINGTON, ET UX. *v.* GOOD SHEPHERD EVAN-
GELICAL LUTHERAN CHURCH OF PALMER
PARK

[No. 404, September Term, 1963.]

*Decided July 31, 1964.*

*Motion for rehearing filed August 17, 1964, denied September 15, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY and MARBURY, JJ., and ANDERSON, J., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Hyman Ginsberg*, with whom were *Ginsberg and Ginsberg* on the brief, for the appellants.

*Kenneth E. Pruden* for the appellee.

ANDERSON, J., by special assignment, delivered the opinion of the Court.

This case involves the question of whether an alleged street was dedicated to public use, and, if it was dedicated, whether the trial court should have permitted an abandonment of the same.

The evidence discloses that Henry J. Knott and Marion I. Knott, his wife, acquired title to a certain tract of land in Prince George's County, by deed dated June 27, 1957, and recorded among the Land Records of said County in Liber 2117, Folio 485, known as Palmer Park. Subsequently, the Knotts placed on record a plat of subdivision of part of the above de-

scribed land, being designated as Plat No. 3, Part of Blocks 2, 4, 6, 7 and 8, Section Two, Palmer Park, Prince George's County. The owners' dedication, which appears on the plat, recites: "We, Henry J. Knott and Marion I. Knott, his wife, owners of the property shown and described hereon, hereby adopt this plan of subdivision, establish the minimum building restriction lines and dedicate the streets and paths to public use." The date of dedication as shown on the plat was November 1, 1957. The plat was approved by The Maryland-National Capital Park and Planning Commission, Prince George's County Planning Board, and recorded in Plat Book W.W.W. 31, Plat 80.

The appellants, Harold F. Whittington and Jean T. Whittington, his wife, are the owners of a leasehold interest in Lot No. 54, Block 8, as shown on said plat in the lower left corner. The area in dispute bounds Lot 54 on the west, the land of the appellee, Good Shepherd Evangelical Lutheran Church of Palmer Park, hereinafter called "Church," on the east, and Allendale Drive on the north. It is referred to and known as 82nd Place. As shown on the above mentioned plat, it is designated as a street leading off of Allendale Drive, adjacent to both the property of the appellants and appellee.

After the plat was recorded, grading plans were filed with the Department of Public Works in March of 1958 by the owners and subdividers Knott, and, as a result a paved road known as Allendale Drive was constructed at a time when the appellee was the owner of the Church property. It was the original intention of the Knotts to build a street known as 82nd Place, extending from Allendale Drive along Lot 54, Block 8, and the Church property, and continuing a total distance of 616 feet to Sheriff Road. Thereafter, because of certain grading problems, it became impossible for them to build the said street as planned, and they requested and were granted permission by the Department of Public Works to delete 82nd Place from the said grading and paving plans.

Thereafter, Henry J. Knott and wife conveyed a substantial portion of the land they acquired under the original deed of June 27, 1957, to the Severn River Construction Company, a company controlled by Knott, and said Company recorded a

fourth section plat on November 3, 1959, in Plat Book, W.W.-W. 36, Plat 31, of the County Land Records, with approval of the Park and Planning Commission and the Planning Board, and showing parts of Block 8-A, 8-B and 8-C, Section Two, Palmer Park, which was the land extending in the rear of the land embraced in Plat Book W.W.W. 31, Plat 80.

The plat showed the major portion of the area which was to constitute 82nd Place, as shown on the original grading plans and which was to extend from Allendale Drive to Sheriff Road, had been laid out as Lots 16-27, Block 8-A, to be used and occupied by the owners of the aforesaid lots, together with a path 20 feet wide in the rear of said lots. There is no dedication shown on this plat of any extension of the unmarked street shown as a dedicated street known as 82nd Place on the plat recorded in Plat Book W.W.W. 31, Plat 80.

The evidence discloses that at the time Allendale Drive was graded and paved, the grade for the street was considerably below the grade of the Church property of the appellee. Access to the Church was by way of a flight of steps leading up from the street to the front entrance. At first vehicular traffic was by a roadway on the Church property from Allendale Drive, but this was discontinued when it was discovered that in the construction of Allendale Drive the subdivider had left a strip of land between the street, as paved, and the Church property. The Church discontinued this means of access and began using 82nd Place as a means of ingress and egress to the Church property and it has been in continuous use since that date.

The appellants desired to secure the abandonment of 82nd Place, as shown on Plat Book W.W.W. 31, Plat 80, and at their instigation the Board of County Commissioners of Prince George's County passed a Resolution on November 14, 1961, that "82nd Place, Palmer Park, be abandoned." On that date a letter was written by the President of the Board to Mr. Whittington advising him that the Board had approved the abandonment of 82nd Place between Allendale Drive and Lot 16, Block 8-A, Section 2, Palmer Park, as per Plat W.W.W. 36, Plat 31. Mr. Whittington was further advised that he could deliver this letter to his attorney in order that he might proceed to accomplish the abandonment under the provisions of the law.

On January 30, 1962, the appellants received a deed from Henry J. Knott, et al., purporting to convey the area shown in Plat Book W.W.W. 31, Plat 80, as 82nd Place, containing 5,000 square feet, more or less.

Thereafter, on August 23, 1963, the appellants filed a bill in equity in the Circuit Court for Prince George's County for the abandonment of 82nd Place, shown as a dedicated street on the plat recorded in Plat Book W.W.W. 31, Plat 80, and described in the deed from Henry J. Knott, et al., to Harold F. Whittington, et ux., dated January 30, 1962, and recorded in Liber 2647, Folio 26. The bill prayed that the Court pass an order in accordance with the provisions of the Code of Prince George's County, Art. 17, § 308 (1953 Ed.), as amended by the Laws of Maryland (1957), Ch. 693.

The appellee, owner of the land adjacent to 82nd Place, filed a petition in opposition to abandonment of the street in question.

The trial court found that the property referred to as 82nd Place, located in Kent Forest Addition to Palmer Park, Section Two, extending from Allendale Drive along Lot 54, Block 8, as shown on plat recorded in Plat W.W.W. 31, Plat 80, as described in petition to abandon street, is dedicated to public use and that this property is used by various members of the public and that members of the public would be damaged by removal of the property from dedication. The relief sought in the petition to abandon was denied and the bill dismissed. From this decree the appellants have appealed.

We believe Art. 17, § 308, of the Code of Prince George's County, as repealed and re-enacted in Ch. 693 of the Laws of Maryland (1957), is controlling in this case. Section 308 reads as follows:

> "When said plats are so recorded, those portions of said land designated on said plats as streets, roads, avenues, lanes, alleys and public parks or squares, shall be and the same are hereby declared to be forever dedicated to public use and shall not thereafter, on any pretext whatsoever, be altered or taken for private use; provided, however, that nothing herein contained shall affect the right of any person or persons owning or

claiming any interest in said land derived by, from or under any persons other than the maker of said plat, or by, from or under such maker prior to such subdivision; and provided further, that the maker of any such plat or plats, his heirs or assigns, shall have the right to apply by petition to the Circuit Court for said County, for leave to abandon the sub-division of lands so made by him, and reconvert the same into one tract or parcel; provided, that the petitioner or petitioners shall cause a copy of the said petition to be served by the Sheriff of Prince George's County upon the owner or owners of all property adjoining or abutting any streets, roads, avenues, lanes, alleys and public parks or squares, or portion or portions thereof, sought to be abandoned in said petition, if they be residents of said County; and if any said owner or owners be non-residents of Prince George's County, an order of publication shall be issued by the Clerk of the Circuit Court of Prince George's County directed to said owner or owners advising them of the nature of the petition, subject to the rules of the Court; and, further said petitioner or petitioners shall furnish a suitable sign or notice, as determined by the Circuit Court to be placed in a conspicuous location on the said public area or areas sought to be abandoned, to be posted on said area or areas by the Sheriff of Prince George's County advising of the pending petition. Said notice shall be served or erected on said premises at least fifteen days prior to a determination thereon by the Court; and said Court if, convinced upon such proof, and after such notice by publication or otherwise or as it shall direct that no damage can be in any wise sustained by persons other than the petitioners, shall have power to pass an order authorizing and empowering such petitioner to abandon such subdivision, either in whole or in part and the proceedings had under such petition shall be docketed in the equity dockets and recorded in the equity or judgment records of said Court, the petitioners in all cases paying the just cost and charges

for like work, and when such orders are passed, the clerk of said court shall endorse on the plat affected hereby, the dates and place of record of such orders."

Section 308 clearly sets out that upon the recording of a plat the area designated in said plats as streets, roads, avenues, lanes, alleys and public parks shall be and the same are hereby declared to be forever dedicated to public use, meaning that upon approval of a subdivision plat for recording by the appropriate public officials such approval and subsequent recording of the plat constitutes a dedication and acceptance of the areas on the plat shown as streets, roads, avenues, etc. Also, this section provides the manner in which the subdivision, in whole or in part, may be abandoned by the maker of the plat or his heirs or assigns.

The evidence discloses that it was the clear intent of the subdividers to dedicate the disputed area to public use. The plat shows it as an unnamed street intersecting Allendale Drive and leading to the outline of the subdivision as shown on the plat. It is described by metes and bounds, courses and distances, as required under Ch. 624, Laws of Maryland (1955), and the intersection with Allendale Drive is shown on the plat in the same manner as the intersection of Burnside Road and Greymont Street as well as the other streets shown on the plat, which admittedly were dedicated. The area in question was included in the paving plans filed with the Department of Public Works and in the bond furnished the County for the paving of streets shown on the plat. In these plans it was described as 82nd Place, and was to extend from Allendale Drive to Sheriff Road. When the next section was recorded in Plat W.W.W. 36, Plat 31, because of grading difficulties in extending 82nd Place from Allendale Drive to Sheriff Road, The National Capital Park and Planning Commission deleted the extension of 82nd Place, and the subdivider obtained permission from the Department of Public Works to delete 82nd Place from the paving plans and the bond. The Department of Public Works regarded the area in question as being public property, as did the developer who caused the dedication on the plat to be approved and recorded. The County Commissioners also regarded this area as dedicated

to the public, as did the appellants, in their dealings with County officials in attempting to have this dedicated property abandoned from dedication. This area has been referred to as a street by the developer and County officials since 1959, and was referred to as 82nd Place and also as 82nd Street.

The appellants contend that the area in question known as 82nd Place was not dedicated as a public street in accordance with law, not only because it was undesignated as a street, but from the testimony and exhibits as evidenced by the recording of the subsequent plat recorded in Plat Book W.W.W. 36, Plat 31, it was the intention of Knott and his successor corporation, The Severn River Construction Company, and the County, by their subsequent conduct, words and acts that no dedication was to take place. They argue that a dedication even under statute is in the nature of a gift, and the intention to give and acceptance of the gift must be clearly shown. Since the section plat in question, recorded in Plat Book W.W.W. 31, Plat 80, was only a portion of the intended street, the offer to dedicate is not clear and definite. They cite *People v. Rio Nido Co.*, 85 P. 2d 461 (Cal. Ct. App. 1938), a case involving dedication of land for a park, where the Court held that since no dedicated land was shown upon the face of the map there was no statutory dedication. Lastly, they argue that from a reading of the provisions of the Code of Prince George's County (1953), §§ 302-308, as amended, it is clear that the undesignated area appearing on the section plat W.W.W. 31, Plat 80, was not a compliance with the requirements of the Code which had reference to a street as a part of the entire subdivision since Plat W.W.W. 36, Plat 31, thereafter recorded, showed no such street would be built.

We are unable to agree with this construction of the statute. Section 308, as repealed and re-enacted by Ch. 693, Laws of Maryland (1957), states in unequivocal language that when a plat is recorded in compliance with those sections relating to recordation of plats, these portions of the land designated thereon as streets, roads, avenues, etc., shall be and the same are forever dedicated to public use and shall not thereafter be altered or taken for private use. Moreover, there is a complete answer to the appellants' contention that by the recordation of the

section plat, recorded in Plat Book W.W.W. 36, Plat 31, the subdivider and his corporate successor in title intended to abandon the area in question known as 82nd Place. Examination of this plat shows 82nd Place, extended as a 20 foot path, adjacent and to the rear of Lots 16 through 27, in Block 8-A, dedicated for public use. If 82nd Place was abandoned, there would be no access to this dedicated path providing access to the rear of the aforesaid lot in Block 8-A.

We hold, therefore, that there was a statutory dedication and acceptance of the area in question known as 82nd Place at the time of the recordation of the plat.

The appellants further contend that if the Code of Prince George's County is construed as compelling a dedication under the facts in this case, it is, as so applied, unconstitutional. Under the statute and the evidence in this case the dedication to public use was accomplished by act of the subdividers and was then complete and since it has not been effectively rescinded, there is no basis for asserting that the street bed has reverted to the appellants. Consequently, there is no foundation for the appellants' argument that the Church is claiming property that belongs to another.

The appellants further contend that if the Court finds that there was a dedication of the area in dispute, the lower court should have permitted its abandonment as a public street. The method of abandonment of a subdivision, in whole or in part, is fully set forth in Ch. 693, Laws of Maryland (1957). Here the appellants sought the abandonment of the area in question under the provisions of the statute. The lower court found from the evidence that "said property has been and is presently used by various members of the public, and that members of the public would be damaged by the removal of said property from dedication." There was ample evidence upon which the court based its findings. The area known as 82nd Place has been used by the appellee since 1959 as a means of ingress and egress to the Church parking lot. It also provides access to the Church parsonage and other buildings located on the Church property. There are a number of groups who use the Church facilities in addition to the Church members, such as the Girl Scouts and Boy Scouts. Also, the County Health Department meets there

once a month. These groups meet in a multi-purpose room in the Church. Also, the school children from Palmer Park attending the elementary school across Sheriff Road use this area to cross the Church property, and a safety patrol is posted at the intersection of 82nd Place and Allendale Drive. On November 14, 1961, the appellee obtained a permit from the Board of Public Works to improve the area in question from plans submitted, and work began and continued until the appellants sought an injunction.

The appellants contend that since the Board of County Commissioners by Resolution passed on November 14, 1961, abandoned 82nd Place, even if the area in question had been dedicated as a public street, the County under the powers possessed by it has already abandoned the same. In support of this argument they cite Art. 25, § 25 (a), Code (1957), which says:

> "Opening and closing—They shall have power to open, alter or close any public road or roads in their respective counties."

They submit that the power contained in Art. 25, as above set forth, giving the County the right to abandon a public road is independent of the power given by § 308, Code of Prince George's County (1953 Ed.) as amended by the Laws of 1957, Ch. 693.

We are unable to agree with this contention. The County Commissioners purported to act under the local statute. We do not reach the question whether they might have acted under the general power contained in Art. 25.

*Judgment affirmed, with costs.*