# THE TOWN OF GLENARDEN *v.* LEWIS ET AL.

[No. 250, September Term, 1970.]

*Decided February 8, 1971.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Paul E. Rosenberg,* with whom was *Charles A. Dukes, Jr.,* on the brief, for appellant.

*Donna C. Aldridge,* with whom were *Machen & Brooks* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

This controversy originates with the attempted withdrawal of an offer to dedicate an unused part of Polk Avenue. Polk Avenue is a "paper street" in the Prince George's County town of Glenarden which has never actually been utilized as a public way. It has undergone no construction or improvements and has never been maintained or repaired. The road, in fact, is overgrown with trees and underbrush. The appellees, owners of the land surrounding Polk Avenue, sought to procure the abandonment of this land in order to resubdivide the area. All interested governmental authorities have agreed to this action, with the exception of appellant, the town of Glenarden.

It is conceded by the parties that Polk Avenue was planned in 1922 on a plat that was never recorded and as such, it had been validly offered for dedication, though only under the common law.[1] A completed common law dedication has two essential elements: offer and acceptance. *Mauck v. Bailey*, 247 Md. 434, 442-44, 231 A. 2d 685 (1967); *Hillshire Corp. v. Pachuta*, 235 Md. 178, 181-82, 201 A. 2d 1 (1964); *Chapman v. Rogan*, 222 Md. 12, 17, 158 A. 2d 626 (1960); *Shapiro v. County Comm.*, 219 Md. 298, 302, 149 A. 2d 396 (1959); *Hackerman v. City of Baltimore*, 212 Md. 618, 624-25, 130 A. 2d 732 (1957); *Blank v. Park Lane Center, Inc.*, 209 Md. 568, 574-75, 121 A. 2d 846 (1956). The parties completely agree as to the first element, but this concert of thought abruptly terminates as to the second. The appellees contend, and the trial court (DeBlasis, J.) agreed in granting their petition for abandonment, that the offer to dedicate was never accepted. Not surprisingly, the appellant argues to the contrary.

---

1. Prince George's County has provided by statute since 1908 that streets, roads, avenues, etc. shown on *recorded* plats are dedicated to the public use. In this context the term dedicated includes both the offer and the acceptance. Code of Public Local Laws of Prince George's County, Subtitle 12, §§ 12-26, 12-32 (1963). See Planning Commission v. McCaw, 246 Md. 662, 229 A. 2d 584 (1967); Whittington v. Church, 236 Md. 185, 202 A. 2d 751 (1964).

From 1922 until 1961, the Prince George's Board of County Commissioners, who have now consented to the abandonment, could have accepted this offer, but failed to do so. After that date and until these proceedings commenced, the town of Glenarden, created by charter in 1961, obtained the right to accept the dedication of Polk Avenue, since it was within its corporate boundaries. However, if acceptance was not in fact made prior to these proceedings, then the offer could be revoked. As we said in *Mauck v. Bailey, supra* at 443-44: "And until an acceptance makes the common law dedication complete, the original dedicator or his successors in interest may revoke or modify the offer to dedicate, in whole or in part." (Citations omitted.) The petition to abandon obviously constitutes such a revocation. The only issue in this case therefore is whether the town of Glenarden accepted the offer to dedicate Polk Avenue prior to the revocation.

There are three ways in which acceptance could have been effected. These have been discussed on several occasions by this Court, but never more succinctly than in *City of Baltimore v. Broumel,* 86 Md. 153, 158, 37 A. 648 (1897), in which Chief Judge McSherry for the Court stated: "In addition to a dedication there must be an acceptance by competent authority, and such an acceptance may ordinarily be evidenced in one of three ways, viz., by deed or other record; by acts *in pais*, such as opening, grading or keeping the road in repair at the public expense; or by long continued user on the part of the public." *Chapman v. Rogan, supra; Cox v. Anne Arundel County,* 181 Md. 428, 432, 31 A. 2d 179 (1943) ; *Harlan v. Bel Air,* 178 Md. 260, 13 A. 2d 370 (1940), III Dillon, *Municipal Corporations,* § 1087 (5th ed. 1911). In the case before us, none of these possible methods was utilized by Glenarden. The town concedes in its brief that there were no acts *in pais,* and therefore this possibility need not be considered.

Another means of acceptance can be by express statu-

tory provision or other similar official action. On this point the appellant offers some resistance. It contends that enactment of its town charter by the state legislature constituted acceptance of the offer. It cites section 66 on Control of Public Ways as supportive of this. However, a careful reading of this section does not leave us with the same impression. Section 66 provides:

> "The Town has control of all public ways in the Town except such as may be under the jurisdiction of the Maryland State Roads Commission. Subject to the laws of the State of Maryland and this charter, the Town may do whatever it deems necessary to establish, operate, and maintain in good condition the public ways of the Town."

This language does not express nor imply that previous offers to dedicate are now accepted, and the town of Glenarden did not establish, operate or maintain this part of Polk Avenue as a public way. In substantially the same circumstance, our predecessors in *City of Baltimore v. Broumel, supra* at 159 said:

> "If these Acts of Assembly do not amount to or constitute legislative acceptances on behalf of the city, then there has, confessedly, been no acceptance by the city of the alleged dedication, unless the City Commissioner is clothed with power to accept for the city, and has validly exercised that power in this instance. The Acts of 1888 and 1890 merely extended the jurisdiction of the city over such streets in the annexed territory as had been conveyed, condemned or dedicated. Those Acts did not *convert, nor were they designed to convert unaccepted dedications into accepted dedications* . . . . The city took the annexed territory just as it found it. If there were dedicated streets unaccepted in any way, they did not become public thoroughfares merely by

being brought within the city limits." (Emphasis added.)

Surely, the same conclusions are demanded in the present case.

The appellant's final argument involves acceptance by long public user. However, the validity of this contention is completely undermined by a series of concessions the town makes both in its brief and at oral argument. To begin with, the appellant conceded in the trial court that Polk Avenue was only a "paper street, not in use." In oral argument in this Court, appellant's counsel stated that the road was grown up with underbrush but that there might have been some pedestrian activity. While it is true that "long public user" is not subject to a strict formulistic evaluation, slight evidence of walking on the road does not constitute acceptance by public use.

As we said in *State Roads Comm. v. Teets*, 210 Md. 213, 222-23, 123 A. 2d 309 (1956) :

". . . the evidence shows no public use of the strip now in dispute at any time. Trees have grown up in the strip, shrubbery has been planted and, by what seems to have been tacit, common consent, each lot owner has used that portion of the strip between his lot and the State Road as if it were his own—as a means of access to the public road, as a parking place, as a recreation area, or as a combination of two or more such purposes."

This view was also reiterated in *Chapman v. Rogan, supra* at 19, where Chief Judge Brune, speaking for the Court stated: "Those using the alley are residents of properties abutting on it or their invitees or licensees who use it for their own and the residents' convenience. Such uses, we think, do not amount to public use." (Citations omitted.)

To exhibit public use, more than merely nominal uti-

lization must be shown. "What is required is for the user to be continued for so long a time as will establish a clear intention on the part of the public to accept." (Citations omitted.) *North Beach v. Land & Imp. Co.*, 172 Md. 101, 116, 191 A. 71 (1937) ; *Garrett v. Gray*, 258 Md. 363, 266 A. 2d 21 (1970). In *Mt. Sinai v. Pleasant Manor*, 254 Md. 1, 6, 253 A. 2d 915 (1969) quoting from *Thomas v. Ford*, 63 Md. 346, we said:

> "It is certainly a settled doctrine in this State that public roads or ways of any kind can only be established by public authority, or by dedication, or by long user by the public, which, though not strictly prescription, yet bears so close an analogy to it that it is not inappropriate to apply to the right thus acquired the term prescriptive. Hence the existence of a public way may be established by evidence of an uninterrupted user by the public for twenty years; the presumption being that such long continued use and enjoyment by the public of such way had a legal rather than an illegal origin." (Citation omitted.)

Such use has not been demonstrated here. Normally, appellant would have the right to present evidence of public use. However, in this case such an opportunity would be a mere formality since its concessions clearly indicate the town's inability to meet the burden of proof required to establish acceptance by public use. *Mt. Sinai v. Pleasant Manor, supra* at 7.

One final point which need not be decided concerns the reasonable time within which an offer should be accepted by municipal corporations. In *Hackerman v. City of Baltimore, supra* 212 Md. at 626, we observed, citing *Whittington v. Com'rs. of Crisfield*, 121 Md. 387, 394, 88 A. 232 (1913) : " 'What is a reasonable time is a question of fact and depends upon all the circumstances of the case.' " Certainly it cannot be argued here that forty-eight years

8

was insufficient time for even the most lethargic bureaucracy to make an acceptance.

*Order affirmed. Costs to be paid by the appellant.*