497 A.2d 820

Beatrice G. CHESTER, et al.

v.

Charles W. GILCHRIST, et al.

No. 22, Sept. Term, 1985.

Court of Special Appeals of Maryland.

Oct. 3, 1985.

542

Beatrice G. Chester, Rockville (Jack J. Basil, Jr., Robert G.L. Wall and Leroy Hostetter, Rockville, on brief), for appellants.

Kenneth P. Barnhart (Arthur S. Drea, Jr., Silver Spring, on brief), for appellees MNCPPC and Norman L. Christeller.

Joann Robertson, Asst. Co. Atty. (Paul A. McGuckian, Co. Atty., Robert G. Tobin, Jr., Deputy Co. Atty., and Alan M. Wright, Asst. Co. Atty., on brief), for appellees Gilchrist, et al., for appellees.

Argued before MOYLAN and BISHOP, JJ., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

BISHOP, Judge.

Appellants, four homeowner residents of Old Georgetown Village, a townhouse development, originally filed this action in the Circuit Court for Montgomery County seeking to enjoin the construction of a pool complex to be built by Montgomery County on 3.5 acres of a 12 acre parcel adjacent to Old Georgetown Village and owned by the Maryland-National Capital Park and Planning Commission (MNCPPC). The proposed facility would service approximately 180,000 persons and 25 schools located in a regional area of Montgomery County. The appellees are Charles W. Gilchrist, County Executive, Montgomery County; the Montgomery County Government; Esther P. Gelman, President, Montgomery County Council; Montgomery County Council; Norman L. Christeller, Chairman, The Maryland-National Capital Park and Planning Commission; The Maryland-National Capital Park and Planning Commission. After a court trial, appellants' request for a permanent injunction was denied.

Appellants ask two questions:

I. Did the trial court err in finding that an unrestricted fee simple interest was conveyed to the Maryland-National Capital Park and Planning Commission?

II. If the interest in the 12 acre parcel was not a fee simple conveyance, but rather restricted to a public use dedication, was the trial court clearly erroneous in finding that the proposed use was in compliance?

## FACTS

The subject property, originally part of a larger tract owned by the developers of Old Georgetown Village, Old Georgetown Village Associates (OGVA), was conveyed by OGVA to MNCPPC. Appellants assert that the interest granted MNCPPC was a dedication of the parcel as a "local park" which prohibits the regional use intended by the appellees. Appellants contend that they relied on such a restrictive use in purchasing their townhouses. Appellees argue that MNCPPC acquired an unrestricted fee simple interest in the property; however, they continue, even if the parcel were restricted to local park use, that the proposed swim center was in compliance. Judge McAuliffe agreed with the appellees and found that MNCPPC had an unrestricted fee simple interest in the property and therefore the property was not restricted to a "local park" use, and that even if the conveyance were a dedication for use as a park, the swim center was a use consistent with that restriction.

## I.

 The threshold issue presented is whether OGVA conveyed an unrestricted fee simple interest to MNCPPC, or dedicated the parcel for public use as a local park. The import of this distinction is that a dedication does not pass a fee simple interest, but only an easement consistent with the purpose of the dedication. *Maryland National Capital Park & Planning Commission v. McCaw*, 246 Md. 662, 675, 229 A.2d 584, 591 (1967); *Schloss v. Berenholtz*, 243

Md. 195, 205–6, 220 A.2d 910, 915 (1966); *North Beach v. Land & Imp. Co.*, 172 Md. 101, 120, 191 A. 71, 80 (1937). *See also* 50 A.G.Op. 94, 96 (1965). Conditions of use may be validly imposed on a dedication. *Armiger v. Lewin*, 216 Md. 470, 477, 141 A.2d 151, 155 (1958).

■■■ A common law dedication requires an offer by the grantor and an acceptance by a competent government authority. *Town of Glenarden v. Lewis*, 261 Md. 1, 3, 273 A.2d 140, 141 (1971); *Mauck v. Bailey*, 247 Md. 434, 442–44, 231 A.2d 685, 691 (1967); *Hillshire Corp. v. Pachuta*, 235 Md. 178, 181–82, 201 A.2d 1, 3 (1964); *Chapman v. Rogan*, 222 Md. 12, 17, 158 A.2d 626, 628–29 (1960); *Shapiro v. County Comm.*, 219 Md. 298, 302, 149 A.2d 396, 398 (1959); *Hackerman v. City of Baltimore*, 212 Md. 618, 624–25, 130 A.2d 732, 736 (1957). The grantor's intent as reflected by the surrounding facts and circumstances is the key in determining the existence of an offer of dedication. *Conway v. Prince George's Co.*, 248 Md. 416, 419, 237 A.2d 9, 11–12 (1968); *Schloss v. Berenholtz*, 243 Md. at 204–5, 220 A.2d at 914; *Hillshire Corp. v. Pachuta*, 235 Md. at 181, 201 A.2d at 3; *Hackerman v. City of Baltimore*, 212 Md. at 624–25, 130 A.2d at 735–36; *State Roads Comm. v. Teets*, 210 Md. 213, 223, 123 A.2d 309, 314–15 (1956); *Blank v. Parklane Center*, 209 Md. 568, 574–75, 121 A.2d 846, 848 (1956). Acceptance of the offer of dedication can be evidenced by deed or other records, by acts *in pais*, or by continued public use. *Glenarden v. Lewis*, 261 Md. at 4, 273 A.2d at 142; *Chapman v. Rogan*, 222 Md. at 17, 158 A.2d at 628–29; *Cox v. Anne Arundel Co.*, 181 Md. 428, 432, 31 A.2d 179, 181–82 (1943). Further, acceptance can be by express statutory provisions or by other official actions. *Glenarden v. Lewis*, 261 Md. at 4–5, 273 A.2d at 142.

OGVA conveyed MNCPPC some interest in the parcel, and MNCPPC accepted that interest. The first issue centers on whether OGVA intended to dedicate the parcel as a local park or to grant a fee simple interest to MNCPPC. We look first to the deed itself. The granting clause reads:

In consideration of the sum of Ten Dollars ($10.00) in hand paid by the Party of the Second Part, receipt of which is hereby acknowledged, the said Party of the First Part does hereby grant, confirm and convey unto the Party of the Second Part, its successors and assigns, in fee simple, all that parcel of land, situate, lying and being in Rockville District No. 4 of Montgomery County, Maryland, as more particularly described in the legal description and plat attached hereto and made part hereof as *Exhibit* "A."

Md. Real Prop. Code Ann. § 2–101 (1981 Repl.Vol.) provides:

The word "grant," the phrase "bargain and sell," in a deed, or any other words purporting to transfer the whole estate of the grantor, passes to the grantee the whole interest and estate of the grantor in the land mentioned in the deed *unless a limitation or reservation shows, by implication or otherwise, a different intent.* (Emphasis added).

The only specific reservation OGVA made in the deed was a water and sewer easement for repairs, maintenance, and installation of lines to service the adjacent parcels. The description contained in the deed, however, refers to a separate three page document Exhibit "A", attached to the deed and incorporated therein. Pages 1 and 2 of Exhibit "A" contains a verbal description of the property with the following heading:

DESCRIPTION OF
12.0 ACRE SCHOOL/PARK PARCEL
THE MARYLAND NATIONAL CAPITAL PARK AND PLANNING COMMISSION
PART OF THE PROPERTY OF
OLD GEORGETOWN ASSOCIATES
ROCKVILLE DISTRICT NO. 4
MONTGOMERY COUNTY, MARYLAND

Page 3 is a plat which contains the following legend:

12.0000 ACRE SCHOOL/PARK PARCEL
Part of the property of
Old Georgetown Associates
Parcel Two

The trial court concluded that no dedication was intended, finding it persuasive that the deed purported to convey an interest in "fee simple" and that although a water and sewer easement was expressly reserved, no restriction on future use was expressly included in the deed. We do not agree.

■ Although the granting clause purported to convey an unrestricted fee simple interest, the plat and the description which became a part of the deed by reference, *Williams v. Skyline Dev. Corp.*, 265 Md. 130, 161, 288 A.2d 333, 351 (1972); *Whittington v. Mann*, 211 Md. 199, 205, 126 A.2d 617, 619 (1956); 4 Tiffany, *The Law of Real Property 3d Ed.* § 981 at 112 (1975, 1985 Cum.Supp.), referred to the property as a "school/park parcel" and thereby created an ambiguity within the granting clause itself. Where an ambiguity appears in a clause of a deed, the intent of the parties must be determined by the underlying facts and circumstances. *Watson v. Raley*, 250 Md. 266, 268–69, 242 A.2d 488, 489–90 (1968). *See Dept. of Forests & Parks v. George's Creek Coal & Land Co.*, 250 Md. 125, 132–33, 242 A.2d 165, 169, *cert. denied*, 393 U.S. 935, 89 S.Ct. 295, 21 L.Ed.2d 271 (1968); 4 Tiffany, *supra*, § 977 at 89, § 981 at 111–12 (where language of deed is unclear, consider facts and circumstances of the case to determine intent). *See also Creamer v. Helferstay*, 47 Md.App. 243, 422 A.2d 395 (1980) (parol evidence admissible to determine intent where contract ambiguous); *King v. City of Dallas*, 374 S.W.2d 707, 712 (Tex.App.1964) (parol evidence admissible to determine intent to dedicate even where language in deed unambiguous); 26 C.J.S. Dedication § 46 (1956, 1984 Supp.) (parol evidence admissible to establish intent to dedicate). Tiffany sums up this point nicely:

Thus, the intention of a grantor is to be determined from the four corners of his deed, if possible, and if from

an attempt to make such determination an irreconcilable conflict arises because of contradictions within the deed other means must be employed to ascertain the correct interpretation to be placed upon it. Words used in a deed should be construed in pari materia and a construction should be adopted which will give effect to all words. Each word and provision of the instrument should be given that significance which is consistent with, and will effectuate, the intention of the parties.

4 Tiffany, *supra*, § 981 at 111–12 (footnotes omitted).

■ In *Watson v. Raley*, 250 Md. at 266, 242 A.2d 488, a prior deed and a plat incorporated by reference into the deed description were inconsistent with each other, and the court looked to the facts and circumstances of the transaction to determine the extent of the interest conveyed. *Watson* involved an inconsistency between a map and a deed reference incorporated into the "being" clause of a deed. The Court held:

> The normal rule that, in construing deeds, the former of two repugnant clauses will control does not bear on the decision in this case. Where the inconsistency occurs within one clause of the deed, all parts of that clause are accorded equal weight. Under such circumstances, the only rule of construction to which the Court adheres, and that followed by Judge Mathias in the court below, is that the intentions of the parties should prevail. In determining the extent of the interest conveyed, we may view the language employed in light of all the facts and circumstances of the transaction.

250 Md. at 268–69, 242 A.2d at 489–90. (citations omitted). Similarly, here the description and plat incorporated by reference into the granting clause create a conflict within the granting clause itself, therefore it is necessary to go beyond the deed to determine the intent of the parties. That the deed purports to convey a fee simple interest does not preclude a finding that a dedication was intended. In *Schloss v. Berenholtz*, 243 Md. 195, 220 A.2d 910 (1966), zoning regulations required a parcel be conveyed to Balti-

more County in fee simple. The fee simple deed to the county incorporated a plat which referred to the parcel as a "flood control reservation." 243 Md. at 200, 220 A.2d at 912. The Court of Appeals affirmed the trial court's determination that the facts and circumstances surrounding the fee simple conveyance supported the conclusion that it was a dedication. 243 Md. at 204–05, 220 A.2d at 914–15. Likewise, the facts and circumstances of this case indicate that the conveyance to MNCPPC was a dedication rather than the granting of a fee simple interest.

■■ The 12 acre parcel was conveyed to comply with the MNCPPC "Master Plan" as a condition precedent to OGVA's obtaining zoning approval for the development. Md.Ann.Code Art. 28, § 1–101 *et seq.* (1957, 1983 Repl.Vol.) creates the MNCPPC and provides in section 7–116(a) that:

> [T]he Commission or the governing body of either county may prepare regulations and amendments governing the subdivision of land within the regional district or the respective portions of the regional district within Montgomery or Prince George's County.

Pursuant to this authority, Montgomery County has adopted zoning regulations which require compliance with the MNCPPC Master Plan. Montgomery County Code § 59–C–7.17 (1984) provides:

> *Dedication of land for public use.* Such land as may be required for public streets, parks, schools and other public uses shall be dedicated in accordance with the requirements of the county subdivision regulations, being chapter 50 of this Code, as amended, and the adopted general plan *and such adopted master plans and other plans as may be applicable.* The lands to be dedicated shall be so identified upon development plans and site plans required under the provisions of article D. (emphasis added).

The Court of Appeals has held that ordinances requiring compliance with the MNCPPC in Montgomery and Prince George's Counties are valid comprehensive zoning regula-

tions. *Coffey v. Md. Nat'l Cap. P. & P. Comm'n,* 293 Md. 24, 30–31, 441 A.2d 1041, 1044 (1982).

The May, 1978 Master Plan, in its discussion of the development of the entire tract, provided that the parcel that is the subject of this appeal, designated as the Wall-Luttrell tract, would be used for a school, or if a school was not needed as a "local park";

> One such site will be dedicated by the developers of the Wall-Luttrell tract in the near future and a second will be obtained when the Brewer-Corby tract is approved for development. Both are to be developed as joint park/school sites. In the event that the first site is not required for a school, it will be developed as a local park.

Master Plan, May 1978 at 36. The Master Plan also gives special meaning to the term "school/park" as used in the description and plat which is consistent with appellant's claim that OGVA intended to limit future use to a local park. The Master Plan Update—January, 1982, contains the following definitions:

> *Local Parks.* Local parks are ten ± acre parks that provide ballfields and other programmed and unprogrammed recreation facilities for local residents. When these parks are located next to an elementary school, they may be referred to as "park schools." A substantial number of future local parks will be obtained through the subdivision process.

> . . . . .

> *Regional Parks.* Regional parks combine conservation and recreation in large parks of more than 200 acres. They provide a large range of recreational opportunities and facilities, while reserving approximately two-thirds of the park for conservation related purposes. Some regional parks have intensively developed active recreation areas which may include golf courses, sports complexes, ice rinks, large scale picnic playground areas, water oriented facilities, etc.

Master Plan Update—January 1982 at 7.[1]

Leonard I. Abel, a general partner of OGVA, testified that he understood that dedication of the parcel as a park/school site was required for County approval of the development. Mr. Abel also testified that at the time of conveyance OGVA understood that the parcel would be used as a local park, and that subsequent sales promotions for the townhouses represented the "local park" use. Further, there is evidence that MNCPPC also understood the conveyance to be a dedication for a local park. A letter from appellee Norman L. Christeller, Chairman of the MNCPPC, to appellee Charles W. Gilchrist, Montgomery County Executive, expressly states that OGVA "dedicated the land to us in the subdivision process for use as a local park and not for the purpose of a [regional indoor swim center] facility." Additionally, appellees conceded at oral argument that this alleged fee simple grant of the subject parcel could not have been required pursuant to the zoning regulations.

There is, therefore, substantial evidence that both grantor and grantee understood the conveyance as being a dedication to MNCPPC for a local park. Appellees have not presented, and this Court has not found, any case which holds that a fee simple deed not containing express dedicatory language, prohibits a finding of a dedication where the unique surrounding circumstances indicate that a dedication was intended. We hold that the trial court was clearly erroneous in concluding that an unrestricted fee simple interest was conveyed.

## II.

Since we have concluded that the conveyance by OGVA was in fact the dedication of the parcel to the MNCPPC for use as a local park, the second issue raised is whether the pool complex is consistent with that limitation.

---

1. Although these definitions postdate the deed, they were admitted into evidence without objection.

The trial court addressed the issue of whether the pool complex was consistent with a *park* use, and correctly concluded that it is. *See Logan v. Town of Somerset*, 271 Md. 42, 57–58, 314 A.2d 436, 444 (1974); *Supervisor of Assessments of Prince George's Co. v. Washington National Area Ltd. Partnership*, 42 Md.App. 695, 703, 402 A.2d 148, 153 (1979), *cert. granted*, 286 Md. 755 (1979), *appeal dismissed* (Dec. 7, 1979).

The trial court failed to consider the more precise issue of whether the pool complex was consistent with a *local* park limitation. Clearly, a regional pool complex which services 25 schools and 180,000 people is inconsistent with a local use, which would be a use primarily servicing the neighborhood. There was, however, testimony at trial that the remaining portion of the park would be developed for local purposes. The crucial analysis is what the dominant use of the park is and whether the overall use is consistent with the "local park" limitation. We remand to the circuit court for a determination of this issue.

JUDGMENT REVERSED;

CASE REMANDED FOR PROCEEDINGS IN ACCORDANCE WITH THIS OPINION;

COSTS TO BE PAID BY APPELLEES.