616 A.2d 437

Russell U. FARRELL, Jr., et al.

v.

Robert E. PHILLIPS, et ux.

No. 293, Sept. Term, 1992.

Court of Special Appeals of Maryland.

Nov. 30, 1992.

Keith A. Baynes, Elkton, for appellants.

Leonard E. Wilson, Elkton, for appellees.

Argued before WILNER, C.J., and MOYLAN and MOTZ, JJ.

MOYLAN, Judge.

At issue in this case is title to a 40–foot–by–200–foot portion of a paper street in the Town of Charlestown, in Cecil County. The appellees, Robert E. Phillips and his wife, filed a complaint, in the Circuit Court for Cecil County, to quiet title to the property. Following a hearing, the

circuit court found that the Town of Charlestown had not accepted the offer of dedication of this portion of the street and that the appellees acquired fee simple title by adverse possession. The President and the Town Commissioners of the Town of Charlestown have filed this appeal from that decision.

The property in issue lies in a subdivision known as Charlestown Beach Estates. In 1924, a private owner recorded a plat for Charlestown Beach Estates among the Land Records of Cecil County. The plat showed streets, open areas, and lots. The lots in the subdivision were conveyed to various purchasers. The deeds described the lots as bounding on the streets shown on the plat.

In July, 1945, the Phillipses purchased two parcels in Charlestown Beach Estates from Henry H. Mitchell and Anna H. Mitchell. Separating the two parcels was a 40–foot–wide–by–200–foot–long portion of an unopened street known as Woodland Terrace. The deed to the parcels described them as bounding upon "Woodland Terrace there laid out forty feet wide." In 1946, the Phillipses built a home on one of the parcels. They have lived on the property continuously since that time.

Immediately upon moving to their new home in 1946, the Phillipses took possession of the entire rectangle on which their two parcels lie, including that portion of Woodland Terrace separating their two lots. They treated the unopened street as part of their lawn. They graded it and planted grass, trees, and shrubs on it. They also partially fenced it.

In early 1991, the Phillipses were considering the possibility of building a home on the other lot. They were concerned that the other lot did not meet minimum-size requirements. They employed counsel to look into this matter and into the matter of title to the portion of Woodland Terrace separating their two lots.

Subsequently, the successor personal representative of the estate of Henry H. Mitchell agreed to execute a quit-

claim deed conveying to the Phillipses the section of Woodland Terrace separating their two parcels of property. The estate was reopened with the permission of the Orphans' Court, and on May 7, 1991, the successor personal representative executed the quitclaim deed.

Meanwhile, from 1945 until early 1991, the Phillipses had heard nothing from the Town with respect to the unopened street. Then, in March, 1991, the Town Administrator requested the Phillipses to meet with him. The Town Administrator asked the Phillipses to execute a 15–foot–wide easement for a water line in the section of Woodland Terrace separating their two parcels of land. The Phillipses refused to do so. Thereafter, on April 23, 1991, at a meeting of the Board of Town Commissioners, the Town officially accepted the streets, avenues, and ways as shown on the plat of Charlestown Beach Estates. On June 17, 1991, the Town Administrator notified the Phillipses that "the existing paved streets as well as the unopened streets including that section of Woodland Terrace which abuts your property" had been officially accepted by the Town. The Phillipses filed a complaint to quiet title against the Town of Charlestown, claiming ownership to that portion of Woodland Terrace separating their two parcels of property. A water line was later installed in the street bed.

█ The parties are in agreement that there was an implied offer to dedicate the streets as shown on the plat for Charlestown Beach Estates, including Woodland Terrace, to the public. Under the common law, "when an owner of land makes a plat of his property 'on which streets or alleys are laid down and then conveys it in lots as bounding on the streets and alleys by reference to their numbers on the plat from which it appears that they do in fact bound on the streets or alleys, an intention to dedicate the land lying in the bed of the streets and alleys to public use will be presumed, in the absence of language showing that no dedication was intended.'" *Mauck v. Bailey,* 247 Md. 434, 442–443, 231 A.2d 685 (1967), *quoting Atlantic Construction Corp. v. Shadburn,* 216 Md. 44, 51, 139 A.2d

339 (1958). For a completed dedication, however, there must also be an acceptance of the offer. *Town of Glenarden v. Lewis,* 261 Md. 1, 3, 273 A.2d 140 (1971).

The appellants contend that the Town of Charlestown accepted the offer of dedication of Woodland Terrace. They contend that the circuit court erred in finding that the Phillipses acquired fee simple title by adverse possession to the portion of Woodland Terrace which separates the Phillipses' two parcels. They concede that since 1945, the Phillipses have used, possessed, and maintained the 40–foot–by–200–foot unopened section of Woodland Terrace but argue that the possession was not hostile because it was with the knowledge and permission of the Town.

Where an offer of dedication of property is accepted by the public, the dedicated property cannot later be acquired by adverse possession. *Mayor & City Council of Baltimore v. Chesapeake Marine Ry. Co.,* 233 Md. 559, 572, 197 A.2d 821 (1964). Where the public has never accepted the offer of dedication, however, the property is subject to adverse possession. The reason is that the dedication is not complete and the original dedicator or his successors in interest may revoke or modify the offer to dedicate, in whole or in part, until there is an acceptance. Adverse possession of property offered but not accepted for public use forecloses the right, title, and interest of the original dedicator with respect to the property offered to the public and revokes the offer to dedicate. *Mauck v. Bailey, supra,* 247 Md. at 443–444, 231 A.2d 685.

An acceptance of an offer to dedicate may be evidenced in several ways. It may be shown "by deed or other record; by acts *in pais,* such as opening, grading or keeping the road in repair at the public expenses; or by long continued user on the part of the public." *City of Baltimore v. Broumel,* 86 Md. 153, 158, 37 A. 648 (1897). With respect to that portion of Woodland Terrace separating the Phillipses' two parcels of property, the circuit court found that there was no deed to the road; there was no opening,

grading, or keeping the road in repair; and there was no use by the public whatsoever.

■ The appellants argue, however, that the Town took ownership of all of the streets as shown on the plat for Charlestown Beach Estates and that, over the years, it opened streets when there was an actual need to do so. They point to various water, sewer, and tax assessment maps which, through the years, have shown the location of the open and unopened streets and argue that these indicate an intention to accept the offer of dedication. The appellants also point to a 1987 Town ordinance which recognized that there were encroachments upon Town property and which provided for a means to correct these encroachments. Finally, they point to the fact that a sewer main was installed in another section of Woodland Terrace in 1978 and argue that this manifests an intention to accept the entire street.

The trial court was not persuaded that any of this evidence manifested an intention to accept the offer of dedication of that portion of Woodland Terrace in issue. Specifically with respect to the installation of a sewer main in another part of Woodland Terrace, where there was development, the court found that this did not evidence an intention to accept the entire street. Indeed, the Town's actions belie its contention that there was an acceptance of the entire street. The Town Administrator called the Phillipses into his office in March, 1991, and asked them to execute an easement for a water line in the section of Woodland Terrace separating their lots. After the Phillipses refused to execute such an easement, the Town took official action. In April, 1991 (some 67 years after the recordation of the plat for the subdivision and approximately 45 years after the Phillipses took possession of the street bed), the Town Commissioners, by motion and unanimous vote, officially accepted all the streets, avenues, and ways as shown on the plat for Charlestown Beach Estates. There was sufficient evidence to support the court's finding that the Town had not theretofore accepted the offer of

dedication of that portion of Woodland Terrace separating the Phillipses' two parcels of property.

█ The circuit court found that, in the interim, the Phillipses acquired title to this section of Woodland Terrace by adverse possession. To constitute adverse possession, the possession must have been "actual, open, notorious, exclusive and continuous or uninterrupted for the statutory period of twenty years." *Goen v. Sansbury,* 219 Md. 289, 295, 149 A.2d 17 (1959). The court found that, from 1945 until 1991, no one, other than the Phillipses, had any interest in the unopened street. No one else used it. The Phillipses graded and seeded the street bed. They planted bushes and trees on it. They put up a fence. The court found that nothing was done on that portion of Woodland Terrace between the two lots owned by the Phillipses by anyone else.

The fact that the possession was with the Town's knowledge and permission is of no consequence. Since the unopened street had not been accepted by the Town, the possession was adverse to the original dedicator and his successors in interest. In *Mayor & Town Council of New Market v. Armstrong,* 42 Md.App. 227, 244–245, 400 A.2d 425, *cert. denied,* 286 Md. 754 (1979), we quoted from *Mauck v. Bailey, supra,* 247 Md. at 441–442, 231 A.2d 685, regarding the evidence necessary to prove adverse possession, including that the possession was "notorious and hostile":

"The Court [in *Mauck v. Bailey* ] began by dissipating the preclusive effect of some of the requirements of adverse possession, such as 'notorious and hostile' possession.

'In our recent decision in *Freed v. Cloverlea Citizens Association,* 246 Md. 288, 228 A.2d 421 (1967), Judge McWilliams, for the Court, carefully reviewed the prior decisions of this Court in regard to obtaining title by adverse possession in a case somewhat similar to the present case. He cited *Blickenstaff v. Bromley,* 243

Md. 164, 171, 220 A.2d 558, 561 (1966), where we quoted with approval from 3 Am.Jur.2d, *Adverse Possession,* sec. 14, the following:

"It is sufficient if the acts of ownership are of such a character as to openly and publicly indicate an assumed control or use such as is consistent with the character of the premises in question. The standard to be applied to any particular tract of land is whether the possession comports with the ordinary management of similar lands by their owners, and if so, it furnishes satisfactory evidence of adverse possession."

In *Tamburo v. Miller,* 203 Md. 329, 100 A.2d 818 (1953), Judge Hammond (now Chief Judge), for the Court, stated:

"The modern trend and the better rule is that where the visible boundaries have existed for the period set forth in the Statute of Limitations, title will vest in the adverse possessor where there is evidence of unequivocal acts of ownership. In this view it is immaterial that the holder supposed the visible boundary to be correct or, in other words, the fact that the possession was due to inadvertence, ignorance, or mistake, is entirely immaterial." ' "

In this case, there was evidence that, for some 45 years, the Phillipses continuously, openly, and exclusively used, possessed, and maintained that portion of Woodland Terrace separating their two parcels. In view of these unequivocal acts of ownership, we cannot say that the court was clearly erroneous in finding that the Phillipses acquired title to the property by adverse possession.

*JUDGMENT AFFIRMED;*

*COSTS TO BE PAID BY APPELLANTS.*