Dear Michael L. Pullen, Esquire
On behalf of the Talbot County Council, you have requested our opinion whether the County may establish a special taxing district for the purpose of financing improvements to County roads within the corporate boundaries of the Town of Easton. In accordance with our policy pertaining to opinion requests from local governments, you provided us with your own legal analysis and conclusion that the County may do so.
For the reasons explained below, we agree that the County may establish a special taxing district for the purpose of financing improvements to County roads within the Town.[1] The special assessment on properties within the taxing district must be reasonably related to the benefits conferred by the improvements being financed.
 I Background
Talbot County wishes to convey to the Town of Easton certain County roads that, as a result of annexations, now lie within the Town limits. However, the Town is unwilling to accept title to these roads unless they are first upgraded to Town standards. An upgrade would entail various types of improvements, such as curbs, gutters, street lighting, and storm water drainage. To finance road upgrades, the County is considering the creation of special taxing districts.
The Town has expressed its concern about the appropriate attribution of the benefits from the contemplated improvements. We understand that part of the area under consideration includes new residential subdivisions; other parts are currently undeveloped, but development is expected. In one part of the area, a County road apparently is the sole direct access between a residential development and the Town center. In another part, the County road is a connector route between two State highways and is the principal access to a large shopping center within Town limits.
 II Special Taxing Areas for Road Improvements
A. County Authority over Roads
Talbot County has adopted charter home rule under Article XI-A of the Maryland Constitution and therefore has the broad powers that the General Assembly has delegated to each charter county under the Express Powers Act. See Annotated Code of Maryland, Article 25A, § 5. This authority includes complete jurisdiction and control over County roads. Article 25A, § 5(K) and (T); County Council for Montgomery County v. Lee,219 Md. 209, 215, 148 A.2d 568 (1959).[2] Thus, the County may upgrade County roads as it deems necessary.
Similarly, a municipal corporation such as Easton has authority over municipal roads within its corporate boundaries. See 75 Opinions of the Attorney General 353, 357 (1990). However, absent legislation to the contrary, a county road does not automatically become a municipal road by virtue of its location within the corporate limits of a municipality. 10A McQuillin, The Law of Municipal Corporations § 30.42 (3rd ed. rev. 1999). In Maryland, a road located in a municipality is a county road if the title or easement is in the name of the county. See Annotated Code of Maryland, Transportation Article, § 8-101(g); Opinion No. 87-046 (October 26, 1987) (unpublished).[3]
B. Special Taxing Areas
Maryland law has long recognized the use of special assessments by local governments to fund the cost of infrastructure improvements. See, e.g., Town of Hyattsville v. Smith, 105 Md. 318, 66 A. 44 (1907). A special assessment is a charge imposed by law on real property in the immediate vicinity of a local improvement to defray its expense. Montgomery County v. Schultze, 302 Md. 481, 489, 489 A.2d 16 (1985); 71 Opinions of the Attorney General 214, 218 (1986).
1. County Authority to Create Special Taxing Area
Subject to a limited exception not applicable here, Talbot County has authority under the Express Powers Act "to establish, modify, amend, and abolish special taxing areas for any of the purposes enumerated in [Article 25A]. . . ." Article 25A, § 5(O). This authority allows the County to establish special taxing areas to fund County road improvements.[4]
Article 25A, § 5(O) authorizes imposition only of a property tax. See City of Annapolis v. Anne Arundel County, 347 Md. 1, 12, 698 A.2d 523
(1997); Waters Landing Ltd. Partnership v. Montgomery County, 337 Md. 15,38, 650 A.2d 712 (1994). Thus, a special assessment must be a property tax, unless the General Assembly grants the county separate authority to impose an alternative form of tax. The levy may take the form of an ad valorem tax, a per lot assessment, a front foot benefit assessment, or some other mechanism tied to the ownership of property.[5] In other words, the assessment must be a charge on the ownership, rather than the use, of the property. See Weaver v. Prince George's County, 281 Md. 349,379 A.2d 399 (1977) (distinguishing property tax from an excise tax).
2. Special Benefit Requirement
To justify imposition of a special assessment, there must be not only a public benefit, but also a special additional benefit that accrues to the properties within the special taxing area. Montgomery County v. Schultze,302 Md. 481, 489, 489 A.2d 16 (1985); Silver Spring Memorial Post No. 2562 v. Montgomery County, 207 Md. 442, 448, 115 A.2d 249 (1955). The Court of Appeals has explained the rationale for a special assessment as follows:
 A local assessment . . . is a tax levied occasionally as may be required upon a limited class of persons interested in local improvement, and who are presumed to be benefitted by the improvement over and above the ordinary benefit which the community in general derive from the expenditure of the money. In the payment of the assessment thus made, the adjacent owner is supposed to be compensated by the enhanced value of his property, arising from the improvement.
Williams v. Anne Arundel County, 334 Md. 109, 117, 638 A.2d 74 (1994) (emphasis added) quoting Gould v. Mayor City Council of Baltimore,59 Md. 378 (1883); see also Leonardo v. Bd. of County Comm'rs of St. Mary's County, 214 Md. 287, 307, 134 A.2d 284, cert. denied, 355 U.S. 906
(1957).
Assessments for road improvements are frequently limited to abutting properties. However, there is no reason that the costs could not be apportioned among property owners over a larger area, if property throughout that area is specially benefitted by the improvements. If the degree of benefit differs among different classes of property in the area, the assessment can be classified accordingly. Gardner v. Bd. of County Comm'rs of St. Mary's County, 320 Md. 63, 85 n. 8, 576 A.2d 208
(1990).
The proportional benefit to the public at large — and therefore the amount of the improvement that should be financed through general taxation — must be considered in setting the special assessment. Silver Spring Memorial Post No. 2562 v. Montgomery County, 207 Md. at 448. However, the law does not require that a special assessment be precisely equal to the special benefit derived by the assessed property. Id. at 453. The law presumes that a legislative body has correctly determined those properties that derive a special benefit and the amount of that benefit. Sulzer v. Montgomery County, 60 Md. App. 637, 650, 484 A.2d 285
(1984); see also Montgomery County v. Schultze, 302 Md. at 490 (as long as an assessment is imposed according to a definitive and just plan, it will not be disturbed by the courts absent appearance of fraud or mistake).
 III County Authority Within a Municipality
You have asked about the County's authority to establish a special taxing area within the Town of Easton. As a general rule, county legislation does not apply within a municipality if the legislation: (1) conflicts with legislation enacted by the municipal corporation under authority of public general law or its charter, or (2) relates to a matter that the municipality is authorized to address through legislation and, either through an ordinance or charter amendment, the municipality has opted out from specific county legislation or has exempted itself from all county legislation covering areas in which the municipality has legislative authority. Annotated Code of Maryland, Article 23A, § 2B(a)(2), (3).[6]
As outlined above, the creation of a special taxing area to finance improvement of a County road is within the County's authority. Neither the County nor the Town has identified a Town law, nor are we aware of any, that would conflict with the County's authority with respect to a County roadway within the Town.[7] To be sure, a charter county generally is prohibited from enacting laws effective only within a particular municipality. Mayor and Council of Forest Heights v. Frank,291 Md. 331, 341, 435 A.2d 425 (1981).[8] However, this principle does not limit a county's authority over county property simply because the property lies within the corporate limits of a municipality.[9]
Your inquiry concerns the upgrading of roads within the Town that both the County and Town identify as County roads. In a 1987 opinion, this Office concluded that a county has not only a right, but also a responsibility, to maintain a county road located within a municipality. Opinion No. 87-046 (October 26, 1987) (unpublished).[10] Thus, the County is currently responsible for maintaining the roads in question. If the proposed improvements are contained within existing County rights-of-way, the County has the right to initiate the upgrades under the Express Powers Act.[11] The County could finance such improvements through establishment of a special taxing area under Article 25A, § 5(O), even if the Town had exempted itself from County legislation under Article 23A, § 2B. In our view, that statute was not intended to interfere with a county's management of county roadways.
We understand that the Town is concerned that special taxes may be levied on Town residents out of proportion to the benefits conferred by the improvements. Of course, any special assessment imposed on properties within a special taxing area within the Town must be related to a special benefit conferred on those properties by the road improvements. An Attorney General's opinion cannot resolve the extent to which a particular improvement benefits the community in general as opposed to specific properties. Nor can a legal opinion measure the value of any benefit conferred by an improvement on those properties. Those are matters to be resolved in the legislative process creating a special taxing area.
 IV Conclusion
In our opinion, the County may establish a special taxing area within the Town to finance the cost of upgrading County roads within the Town. The amount of the assessment on properties within the special taxing area should be proportionate to special benefits conferred on those properties by the improvements being financed.
 J. Joseph Curran, Jr. Attorney General
 William R. Varga Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] Although we reach the same conclusion, unlike your opinion, we do not rely on Annotated Code of Maryland, Article 23A, § 2B(b)(2). See note 6 below.
[2] The general police power delegated to charter counties in Article 25A, § 5(S) might also be viewed as authority to develop or upgrade roads. Cf. 75 Opinions of the Attorney General 353, 357 (1990) (police power of municipal corporation includes power to open streets). A charter county also has authority to issue general or limited obligation debt to finance road construction. Article 25A, § 5(P).
[3] In some states, annexation of property by a municipality transforms county roads in the annexed region into municipal roads by operation of law. 2A McQuillin, The Law of Municipal Corporations § 7.46.70 (3rd rev. ed. 1996).
[4] While the phrase "special taxing area" or "special district" is sometimes used to mean an independent, limited purpose governmental entity and the phrase "assessment district" is sometimes used to mean a designated territory, the terms are frequently used interchangeably. See O. Reynolds, Local Government Law § 99 (2d ed. 2001). Article 25A, § 5(O) encompasses both concepts. See 63 Opinions of the Attorney General 114, 119 (1978). Throughout the remainder of this opinion, we use the term "special taxing area," the term employed in Article 25A, § 5(O).
A municipal corporation also has authority to establish special taxing areas to finance road improvements; in certain respects, this municipal authority is broader than the authority granted to charter counties under the Express Powers Act. See Article 23A, § 44A.
[5] Although the assessment may be based on the value of the property, it is not subject to the uniformity requirement of Article 15 of the Maryland Declaration of Rights. Williams v. Anne Arundel County,334 Md. 109, 115-16 n. 4, 638 A.2d 74 (1994); 63 Opinions of the Attorney General 16, 19 (1978).
[6] This provision is qualified by a number of exceptions that allow for county legislation to apply within municipalities. Among those exceptions is one for "[c]ounty revenue or tax legislation, subject to the provisions of Article 24 of the Code, the Tax-General Article, and the Tax-Property Article, or legislation adopting a county budget. . . ." Article 23A, § 2B(b)(2). However, given that your inquiry apparently presents no conflict with municipal legislation and no other reason under § 2B(a) that would preclude the County's exercise of its normal authority with respect to County roads, we need not analyze this exception.
[7] The municipal Charter of Easton grants the Town authority only over "town public streets or ways." Easton Town Charter § 17-A (emphasis added).
[8] Another holding in the Frank case — that a charter county ordinance would generally prevail over a conflicting municipal ordinance — was overturned by the enactment of § 2B. See 81 Opinions of the Attorney General 133, 134-36 (1996).
[9] This is not to say that county property within a municipal corporation is necessarily free from all municipal regulation. See, e.g., Town Comm'rs of Centreville v. County Comm'rs of Queen Anne's County, 199 Md. 652, 87 A.2d 599 (1952).
[10] A County's authority over roads within a municipality is otherwise limited. See Town of Glenarden v. Lewis, 261 Md. 1, 273 A.2d 140 (1971) (decision to accept dedication of public right-of-way rested with the county prior to municipal incorporation and with municipality after incorporation); 75 Opinions of the Attorney General 353 (1990) (county may not compel the opening of a road within a town without the town's consent).
[11] On the other hand, the expansion of a roadway beyond the existing right-of-way is more akin to the opening of a road, an action that a county may not undertake without a municipality's consent. 75 Opinions of the Attorney General 353 (1990). Thus, to the extent that the planned improvements extend beyond the existing County right-of-way, the Town's consent would be a prerequisite for the creation of a special taxing area.
In an analogous situation, the Legislature granted certain counties, not including Talbot, broad authority to establish special taxing areas and to issue debt supported by ad valorem or special taxes to finance infrastructure improvements, including street construction, but mandated that the county obtain a municipality's consent if a special taxing area falls entirely or in part within the boundaries of the municipality. See Annotated Code of Maryland, Article 24, § 9-1301(p). *Page 115