514 A.2d 483

Charles W. GILCHRIST et al.

v.

Beatrice G. CHESTER et al.

No. 135, Sept. Term, 1985.

Court of Appeals of Maryland.

Sept. 5, 1986.

Kenneth P. Barnhart (Arthur S. Drea, Jr., on brief), Silver Spring, for Maryland-National Capital Park and Planning Com'n.

Joann Robertson, Associate Co. Atty. (Paul A. McGuckian, Co. Atty., on brief), Rockville, for Charles W. Gilchrist.

Beatrice G. Chester, in pro. per.

Jack J. Basil, Jr., Robert G.L. Wall, and Leroy C. Hostetter, pro se and on brief, for appellees.

Argued before MURPHY, C.J., SMITH,* ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), specially assigned.

COUCH, Judge.

In this case we are called upon to determine whether a certain deed conveying some 12.0 acres of property owned by Old Georgetown Associates Limited Partnership (OGA) to Maryland-National Capital Park and Planning Commission (MNCPPC) was a fee simple conveyance without restriction as to the use of the property but subject to an easement for a sewer and water line. The Circuit Court for Montgomery County held the deed to be a fee simple deed without any use restriction; the Court of Special Appeals reversed. *Chester v. Gilchrist*, 64 Md.App. 541, 497 A.2d 820 (1985). While several issues are raised by appellants, our holding as to the nature of the interest conveyed by the deed in question is dispositive.

In 1973, OGA applied for rezoning of a 76 acre parcel of land located at the intersection of Old Georgetown Road and Nicholson Lane in Montgomery County known as the Wall-Luttrell tract; this rezoning was granted in 1974. The development plan submitted by OGA in connection with its rezoning application indicated that the subject 12 acre parcel in the northwest quadrant of the tract might be provided to Montgomery County for use as a school or use as a park if a school was found not to be needed. The subject property was subsequently conveyed to MNCPPC by a fee

---

* Smith, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Art. IV, § 3A, he also participated in the decision and adoption of this opinion.

simple deed dated October 28, 1977 expressly restricted only by a reservation of a water and sewer line easement to OGA.

Montgomery County had been considering for some time constructing an indoor swim center on the subject 12 acre property and proceeded to take the necessary steps to do so. Upon learning of the County's plans, appellees, all residents of Old Georgetown Village and in close proximity to the subject proposed swim center, filed this action to enjoin the County and MNCPPC from proceeding with said swim center project. They maintain that OGA, grantor of the property, restricted its use to a local park. The County and MNCPPC contend, however, that the use of the property was not so restricted, that a fee simple title was conveyed subject only to the sewer and water line easement provided for in the deed.

In large measure the problem generated for the intermediate appellate court, and this Court, was the admission over objection of certain testimony of witnesses from OGA and MNCPPC which arguably could raise an inference that the conveyance here was a use restricted deed. In our view, giving this testimony controlling effect violated the well-settled rule against altering or changing the terms of an unambiguous writing by parol testimony. *See Glass v. Doctors Hospital, Inc.*, 213 Md. 44, 57, 131 A.2d 254 (1957); *e.g., Department of Forests and Parks v. George's Creek Coal and Land Co.*, 250 Md. 125, 242 A.2d 165, *cert. denied*, 393 U.S. 935, 89 S.Ct. 295, 21 L.Ed.2d 271 (1968). As we stated in *Board of Trustees of State Colleges v. Sherman*, 280 Md. 373, 380, 373 A.2d 626 (1977):

"[T]he clear and unambiguous language of an agreement will not give way to what the parties thought the agreement meant or intended it to mean; where a contract is plain and unambiguous, there is no room for construction, and it must be presumed that the parties meant what they expressed...."

Thus, if the deed in question was clear and unambiguous, in the absence of fraud and mistake, there was no need to construe it through the use of extrinsic evidence.

Turning to the deed, we conclude, contra to the conclusion of the intermediate appellate court, that its terms are clear and unambiguous and that the deed conveyed an unrestricted fee simple title, subject only to a sewer and water line easement. Preliminarily we observe that there is no allegation of fraud or mistake here, nor do we see any evidence thereof. Consequently, we are only concerned here with whether there is an ambiguity in the deed. In the granting clause of the deed the grantor, OGA, did "grant, confirm and convey unto the Party of the Second Part (MNCPPC), its successors and assigns, in fee simple, all that parcel of land . . . as more particularly described in the legal description and plat attached hereto and made a part hereof as Exhibit A." Hence, under § 2–101 of the Real Property Article of the Annotated Code of Maryland the deed conveyed the grantor's whole estate "unless a limitation or reservation shows, by implication or otherwise, a different intent." [1]

The titling of the legal description was, in pertinent part, as follows:

"Description of

12.0 Acre School/Park Parcel

To Be Conveyed To . . ."

The titling of the plat, a separate document, only referred to "school parcel." It is from the descriptions in these documents, incorporated into the granting clause by reference, that appellees seek support for their contention that the deed was ambiguous and thus parol testimony should

---

1.  In its entirety, § 2–101 states:
    "The word 'grant,' the phrase 'bargain and sell,' in a deed, or any other words purporting to transfer the whole estate of the grantor, passes to the grantee the whole interest and estate of the grantor in the land mentioned in the deed unless a limitation or reservation shows, by implication or otherwise, a different intent."
    Maryland Code (1974, 1981 Repl.Vol.), Real Property Article, § 2–101.

have been considered to determine the intention of the parties. We disagree. While it is true that the deed expressly provided that the legal description and plat attached to the deed were a part of the deed, in the absence of accompanying restrictive language, the plat does not do anything more than identify the property being conveyed. Also, the legal description is just that and nothing more. It does not demonstrate the *interest* in the property being conveyed. *Cf. Lindauer v. Hill,* 262 P.2d 697 (Okla.1953) (holding a clause in deed to a municipality reciting that property is conveyed for public purposes does not qualify or limit the estate conveyed); *Green v. Kunkel,* 183 S.W.2d 585 (Tex.Civ.App.1944) (holding that deed containing language denoting grant of unconditional fee estate in land is not conditional grant or conveyance of mere easement, despite language in instrument indicating that grant was made for a particular purpose). Moreover, appellees' contention that OGA intended to restrict the use of the area is in direct conflict with the language of the granting clause.

Viewing the words of conveyance contained in the granting clause of the deed together with the attached legal description and plat, we find no ambiguity. Instead, we find a conveyance of fee simple title to the property that was particularly described so that it could be identified. Any reference to "12.0 Acre School/Park Parcel" contained in the surveyor's July 22, 1977 description was nothing more than a label. We do not view this titling of the surveyor's description to indicate an intention on the part of the parties to restrict the use of the property as appellees would contend.

Our predecessors said in *Scholtes v. McColgan,* 184 Md. 480, 489–90, 41 A.2d 479 (1945):

"[T]here must be borne in mind the often repeated doctrine that doubts should be resolved in favor of the unrestricted use of property." (citations omitted).

We adhere to that view today.

In light of our holding, it is unnecessary to address other questions raised by appellants.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY. COSTS TO BE PAID BY APPELLEES.